THEODORE L. PILLSBURY, Plaintiff in Error,

*vs.*

HENRY MITCHELL, Defendant in Error.

ERROR TO RACINE CIRCUIT COURT.

A covenant against incumbrances does not run with the land, but is a personal covenant.

In an action for breach of covenant against incumbrances, if the plaintiff has extinguished the incumbrance, he is entitled to recover what he paid for it, but if he has not bought it in, he is entitled to nominal damages merely.

A covenant against incumbrances, broken, is a chose in action not assignable.

The extinguishment of an incumbrance is a material and traversable fact, necessary to be averred (if damages are claimed therefor) that issue may be taken thereon.

ACTION of covenant against incumbrances, commenced and tried before a justice of the peace, and appealed to the Circuit Court. The declaration counted upon the non-payment of certain taxes, which, as alleged, constituted the breach of the covenant in a deed against incumbrances. The defendant pleaded the general issue, with notice of special matter. The cause was tried at the circuit at the October term, 1855.

It appears from the bill of exceptions that the plaintiff, to maintain and prove the issue on his part, offered in evidence a deed, dated June 11, 1855, conveying by the defendant to the plaintiff certain premises, described as "the next third of lot No. two, in block No. eighteen, according to the original plat of Racine made by Moses Vilas; and also called Richard W. Rowe, who testified that he was city clerk for said city of Racine; that he had in his custody the tax roll of said city for the year 1854, in which said premises are described as follows:

L.   B.

Wright T. Estate E½  1  18  Value $500.
    " of N. 20 ft. 2  "  "  50.

The defendant objected to the introduction of said assessment

and tax roll in evidence, on the ground of insufficient description, and of variance from the description of the premises in the deed; second, because the affidavit of the assessor was insufficient, and, third, because said affidavit was not attached to the roll; but the court overruled the objection and admitted the evidence, and the defendant excepted. The affidavit is as follows:

<em>City of Racine, June 30, 1854.</em>

I do certify that I have set down in the foregoing assessment roll all the real estate situate in the city of Racine liable to be taxed, according to my best information, and that, with the exception of those cases in which the value of said real estate has been fixed by affidavit, made pursuant to law, I have estimated the same at what I believed to be the true cash value thereof; that the said assessment roll contains a true statement of the aggregate of the taxable personal estate of each and every person named in said roll, as nearly as I could ascertain the same, and excluding such stocks as are otherwise taxable; and that, with the exception of the cases in which the value of such personal property has been sworn to by the owner, possessor or agent, I have estimated the same at its true cash value, according to my best information and belief.

City of Racine, June 30, 1854.          (Signed, &c.)

· The plaintiff then offered in evidence a record of the proceedings of the city council of said city, which (among other things) contained the following, under date of July 19, 1854, viz: "On motion of Alderman Cooley, Resolved, That a tax of —— per cent. on the assessment valuation of the assessment roll, as corrected and equalized by the city council for the year 1854, be levied and collected for city expenses and support of schools in the city of Racine. The yeas and nays were demanded. Those voting in the affirmative were Aldermen Cooley, Foster, Tait, Wratten and Hulme; negative, Alderman Cashell. The resolution was adopted;" to the introduction of which the defendant objected, because it did not appear that a majority of all the members of the city council had voted for said resolution, but less than a majority,

which objection was overruled and the defendant excepted. The plaintiff also introduced the tax certificates, or certificate of the sale of these lots for the taxes of 1854, issued to Isaac Harmon, and indorsed by him in blank.

The defendant then called Gilbert Adams as a witness, who testified to a conversation of the plaintiff, in which he stated that he had no claim on the defendant for these taxes; that Hunt and Alverson had sued without any authority; that they must indemnify him for costs or he would not suffer the suit to go on; that he had no claim on the defendant for anything.

The plaintiff then called Henry T. Fuller, who testified that one of his clients had a mortgage lien on the property in question, and that he, Fuller, purchased the tax certificates for his benefit; that J. W. Carey made arrangements with him for the purchase of these tax certificates, and subsequently either Hunt or Alverson, which he cannot recollect, paid him the value of them.

John W. Carey was then called by the plaintiff, who testified that he made arrangements with Fuller for the purchase of these certificates, and subsequently Hunt paid Fuller the amount of them. On cross-examination he said that the plaintiff Mitchell never directed him to purchase these certificates; that he never furnished any money to buy them, and he did not know that he ever had any conversation with the plaintiff on the subject. Mitchell had conveyed the land to Hunt and Alverson.

The evidence being closed, the defendant asked the court to charge the jury, that unless the plaintiff was the owner of the tax certificates, he had no right to recover in this action : that if the plaintiff had not bought in the incumbrance, but it was still outstanding, the rule of damages would be merely nominal. The court refused to charge as requested, but instructed the jury that the plaintiff, or his vendee, might maintain the action in the plaintiff's name: that the covenant against incumbrances is broken, if incumbrances do in fact exist at the time of the conveyance : that the covenant is one which runs with the land, and authorizes the suit to be brought in the name of the immediate or remote grantee : that but one action can be maintained against

the grantor upon the same covenant, and that Hunt and Alverson, the assignees of Mitchell, were not to be confined to nominal damages, though the suit was in the name of Mitchell, if in fact the covenant was not released before the sale of Mitchell to Hunt and Alverson, and they had purchased in the tax certificates before suit brought: to which charge of the court, the defendant excepted.

The jury returned a verdict for the plaintiff below, on which judgment was entered.

*Paine & Millett*, for plaintiff in error.

*J. W. Carey*, for defendant in error.

*By the Court*, COLE, J. This action was brought by Mitchell against Pillsbury, upon a covenant in a deed against incumbrances. The deed was given June 11, 1855, conveying portions of certain lots in the city of Racine. The breach complained of was a tax certificate against the premises for taxes levied by the city council for the year 1854. It appeared upon the trial that Mitchell had conveyed the premises to Hunt and Alverson, and in his deed had excepted the taxes of 1854 from his covenant against incumbrances. Mitchell produced also at the trial, the tax certificate upon the premises for 1854, issued to Isaac Harmon, and indorsed by him in blank. It further appeared, that this certificate had never been bought up by Mitchell, but by one or both of his grantees, Hunt and Alverson, and belonged to them at the time of trial. Pillsbury, by his counsel, asked the Circuit Court to charge the jury, that unless the plaintiff was the owner of the tax certificate, he had no right to recover in this action: that if the plaintiff had not bought in the incumbrance, but it was still outstanding, the rule of damages would be merely nominal. The court refused so to charge the jury, but charged that the plaintiff, or his vendee, might maintain the action in plaintiff's name: that the covenant against incumbrances is broken, if incumbrances do in fact exist at the time of the conveyance: that the covenant is one which runs

with the land, and authorizes the suit to be brought in the name of the immediate or more remote grantee: that but one action can be maintained against the grantor upon the same covenant: and that Hunt and Alverson, the assignees of Mitchell, were not to be confined to nominal damages, though the suit was in the name of Mitchell, if in fact the covenant was not released before the sale of Mitchell to Hunt and Alverson, and they had purchased in the tax certificates before suit brought. This ruling and charge of the court were excepted to, and are assigned for error here.

It was conceded upon the argument, that the Circuit Court erred in instructing the jury that the covenant that the premises were free from incumbrances was one running with the land, instead of being a personal covenant, as it is (*Clark vs. Swift*, 3 *Met. R.* 390, and cases there cited); but it was insisted that Pillsbury was not prejudiced by the charge, since the action was brought by his grantee, the person in whom the right of action really existed. Admitting this to be a sufficient answer to that objection to the charge, we still are of the opinion that the court erred in regard to the rule of damages. The doctrine is well settled that in an action of covenant against incumbrances, if the plaintiff has extinguished the incumbrance, he is entitled to recover the amount paid for it; but if he has not bought it in, he is only entitled to recover nominal damages. *Delavergne vs. Norris*, 7 *J. R.* 358; *Hall vs. Dean*, 13 *id.* 105; *De Forrest vs. Leete*, 16 *id.* 122; *Stannard vs. Eldridge*, *id.* 254; *Prescott vs. Trueman*, 4 *Mass.* 627; *Wyman vs. Ballard*, 12 *id.* 304; 2 *Greenl. Evid. sec.* 242; *Rawle on Cov. for title, p.* 155, *cases in note* 1. But it is said that this action is really for the benefit of Hunt and Alverson, and therefore a recovery should be had for the amount of the incumbrances extinguished by them. It is not very obvious how that can be permitted without overthrowing the rule just cited. For it is to be observed that a breach of this covenant is a chose in action, not assignable at common law and it could not be assigned so as to enable Hunt and Alverson to maintain an action in their names. *Clark vs. Swift.* But Mitchell has not attempted to assign this chose in action. He has brought

the action,. and there . is nothing before us to show that the judgment will· not enure to his .benefit.ʼ Ought he to recover for outstanding .incumbrances for which he has paid nothing ? ; To permit this would not unfrequently be productive of great in-. justice ; enabling the plaintiff to recover compensation when he has received no actual injury. For another reason this ought not to be allowed. The extinguishment of an incumbrance.is said to be a material, traversable fact, which should be so set forth in the declaration that issue might be taken upon it. *De Forrest vs. Leete*, 16 *J. R.* 122 ; *Frink vs. Vornidee*, 11 *S. & R.* 109 ; *Tufts vs. Adams*, 8 *Pick.* 549 ; *Morston vs. Hobbs*, 2 *Mass.* 433. Certainly to permit Mitchell to recover when he has paid nothing. and made no averment in his declaration of having removed the incumbrance, might operate as a great surprise upon the defend· ant.. The general rule should be adhered to in this case as to the measure of damages ; that the plaintiff not having extin-guished the incumbrance is only entitled to. recover nominal damages.

We do not deem it necessary to express any opinion upon the other ·points in the case.

· The judgment of the Circuit Court is reversed with costs and a new trial ordered.