## EATON vs. LYMAN.

*Damages—Breach of covenant.*

E., having recovered land in ejectment against F., sold and conveyed it to him for a specified consideration in money, in lieu of which he then accepted an assignment of F.'s right of action upon the covenants of L., under whose deed F. had first entered on the land. *Held*, that the measure of E.'s recovery against L., on the covenants of warranty and against incumbrances, was the amount F. had agreed to pay him for the land, with interest, and with perhaps such sum, for costs of the ejectment suit, as F. might himself have recovered, if the suit had been brought in his name; except that, in no event, could it exceed the consideration named in or paid for the conveyance from L. to F.

ERROR to the Circuit Court for *Winnebago* County.

In September, 1860, *Lyman* executed to one Frickles a deed of certain land, with full covenants. In 1864, *Eaton*, upon a tax-deed, executed in 1863 upon a sale

made in 1851, recovered a judgment for the possession of the land against Frickles, *Lyman* appearing by attorney and defending the suit. The taxed costs against Frickles in this suit were about $43. Frickles was actually evicted in February, 1865. Afterward he executed to *Eaton* an instrument which, after reciting the facts above mentioned, proceeds: "Now, therefore, in consideration of the sum of $450 this day allowed me by said *Eaton* on the purchase of said land from him, I do sell, transfer, assign and set over to him all my claims against each and every of my grantors of said land," etc., etc. *Eaton* subsequently brought his action against *Lyman* upon the covenants in the deed of the latter to Frickles. The court held as follows: "There was a breach of the covenant against incumbrances, and *Eaton* is entitled, as assignor of Frickles, to recover whatever sum of money was paid by Frickles to remove the incumbrances, or to buy in such title as may have accrued on account thereof, subsequent to the date of *Lyman's* deed. The assignment by Frickles of the covenants in *Lyman's* deed is not equivalent to the payment of the consideration money named in that deed, or of any other particular sum of money. Frickles having paid nothing, he and his assigns can recover nominal damages only. The plaintiff is entitled to judgment for six cents damages, and the defendant will have and recover of the plaintiff his costs in this action."

Judgment accordingly; and *Eaton* brings this action to reverse that judgment.

*R. P. Eaton*, plaintiff in error, in person, cited Rawle on Cov. 121–124, 156, 157, 160, 164, 168, 198, 233, 243, 246–250, 272, 281–285, 288, 595; 7 Johns. 173; 3 Cush. 201; Sedgwick on Dam. 178, 179; 3 Washb. on R. P. 421; 14 Mass. 143; 17 id. 213; 1 Gray, 195; 4 Johns. 1–8; 21 Wis. 144, 377; 2 Harris, 338; 6 Barb. 265–270.

*Gillet & Pier*, for defendant in error, contended that the covenant against incumbrances gives a right of action

only for the amount actually paid to extinguish the in-
cumbrance ; and if nothing has been paid, then only for
nominal damages.   Upon a breach of this covenant, the
grantee cannot recover as for want of seizin, or for an
eviction.

DIXON, C. J.   The learned judge of the circuit court
erred in his conclusion of law that the plaintiff in error,
who was the plaintiff below, was entitled to recover only
nominal damages ; and that error was the necessary re-
sult of the erroneous conclusion of law which preceded
it, which was, that the assignment by Frickles to *Eaton*
of his (Frickles') right of action upon the covenants con-
tained in the defendant *Lyman's* deed was not equiva-
lent to the payment, by Frickles to *Eaton*, of the consid-
eration money agreed upon between them for the land
when *Eaton* sold and conveyed it to Frickles, after the
judgment in his favor in ejectment.   Frickles was in
possession of the land, claiming title under the deed to
him from *Lyman*.   *Eaton*, claiming to be the owner by
paramount title, sued Frickles, and succeeded in oust-
ing him.   Immediately after eviction, Frickles pur
chased the land of *Eaton*, and, in consideration thereof,
transferred to him his right of action upon the covenants
in *Lyman's* deed.   If Frickles had remained out of
possession, or had not repurchased the land from, and
transferred his right of action to, *Eaton*, his measure
of damages in an action for the breach of the covenants
sued upon (which are those of warranty and against
incumbrances), would have been the consideration
named in *Lyman's* deed, and interest upon the same.
The measure of damages in the action by *Eaton*, as
assignee, must be the same, with this difference only,
that he can recover no more than the consideration or
price, with interest, agreed upon between him and Frick-
les for the land, with perhaps the costs of the ejectment
suit, paid by Frickles, added.   In no event can the re-

covery exceed the consideration paid by Frickles to *Lyman* for the land, with interest; and since Frickles has succeeded in buying in the outstanding title of *Eaton*, the recovery must be limited to such sum, less than the consideration money and interest, as Frickles may necessarily have expended in procuring such title. In a case like this, where the right of action upon the covenants was assigned in consideration of the conveyance of the outstanding title, the sum, with interest, fixed by the parties as the value of the title, would constitute the measure of the recovery, with, perhaps, such additional sums as the covenantee might himself have recovered if the action had been brought in his own name.

*By the Court.* — Judgment reversed, and a new trial awarded.