## EATON vs. LYMAN.

COVENANTS IN DEED: *When grantor bound by judgment in ejectment against grantee. What damages assignee of right of action on covenants may recover.*

PRACTICE: *When appellate court will grant new trial on reversing judgment.*

26　61
109　324

26　61
53 LRA　647

1. Grantor of land with covenants is not bound by a judgment in ejectment against his grantee, even where duly requested to defend the action, if not allowed, after an adverse judgment, to pay the costs and take a new trial as provided by the statute.
2. The assignee of a right of action on the covenants of a deed is entitled to recover from the maker of the deed the consideration allowed for the assignment, not exceeding what the grantee might have recovered if the suit were brought by himself.
3. Where a judgment for plaintiff in error appears to be erroneous in not allowing him the full amount of his damages, but errors seem to have been committed against the defendant in error, of which he neglected to avail himself only because the damages adjudged against him were trifling, this court, instead of directing a judgment in favor of plaintiff in error for full damages, remands the cause for a new trial.

ERROR to the Circuit Court for *Winnebago* County. The plaintiff in error was also plaintiff below. The facts are stated in the opinion, and in the former report of the same cause, 24 Wis. 438.

*R. P. Eaton,* plaintiff in error, in person.
*J. M. Gillet,* for defendant in error.

PAINE, J.　This action has already been before this court, and the judgment was reversed for error in the rule of damages adopted by the court below. 24 Wis. 438–441. It seems to us that the court has, on a

second trial, committed the same error again. The plaintiff sues as assignee of a right of action for a breach of covenants of seizin and against incumbrances in a deed given by the defendant to one Frickles. The plaintiff had brought an action of ejectment against Frickles, claiming the land under a paramount title, and in that action he recovered a judgment, and Frickles was ousted. But Frickles then bought the plaintiff's title, and in part payment assigned to him his right of action on the broken covenants in the defendant's deed.

On the trial of this action, the plaintiff sought to conclude the defendant by the judgment in that ejectment suit, alleging that *Lyman* was notified of that suit and requested to defend it by Frickles, and that his attorney actually appeared and assisted in its defense. The court below found that the defendant was not concluded by that judgment; and, without determining upon the evidence whether a proper notice and request to defend were given, in order to bind the defendant by it, we think he was not bound, for the reason that it appears that after the judgment in that case, the defendant offered to pay the costs and take a new trial under the statute, and conduct the defense at his own expense, and in such a manner that he would be bound by the result, and Frickles declined to allow him to do so.

Where a grantee seeks to conclude a grantor in an action on the covenants of the deed, by the result of the suit in which the grantee was ousted under an alleged paramount title, it should appear, not only that the grantor was notified of the suit and requested to defend it, but that he was allowed to do so to the utmost extent of the law, if he desired to. Otherwise a defendant in ejectment might acquiesce in an erroneous result of a trial, and refuse his grantor an opportunity to correct it by appeal, and still conclude him by the judgment in an action on his covenants. This

would be clearly unjust. And it would be equally so to allow the grantee to acquiesce arbitrarily in the result of a first trial in ejectment, and conclude his grantor by it, refusing the latter the privilege of taking the second trial allowed by the statute, and conducting the litigation farther.

That being a statutory right in this particular action, its refusal to the grantor is denying him a full opportunity to use legal remedies to defend the title he had covenanted to defend, as much as it would be to refuse him the right to appeal.

But, notwithstanding the court below found that the defendant was not concluded by the record in the ejectment suit, it must still have found that *Eaton's* title in that suit was paramount, because it found that he was entitled to recover in this suit.

It finds that prior to the commencement of the ejectment suit, a tax deed was issued to the plaintiff on the sale of 1851 for the taxes of 1850, which had not been paid. Probably the fair interpretation of this finding, on its face, is that it was a valid tax deed. But even if that were not so, it is evident here that it was so intended, because, after having found that the defendant was not concluded by the judgment in ejectment, there is nothing else in the finding upon which to support the plaintiff's right to recover at all, except this tax deed. The defendant does not except to the finding, so that there is no question before us as to its correctness, except so far as it is objected to by the plaintiff. He excepts to the conclusion of law that he was entitled to recover only thirty-five dollars damages, with interest from the — day of March, 1865. This exception is well taken. It appears now, as it did not on the former trial, that Frickles paid *Eaton* thirty-five dollars in cash, in addition to the assignment of the right of action on the covenants, as a consideration for the land. This cash payment the court has allowed, with interest. But, although hold-

ing that the plaintiff had proved a breach of the covenants sufficient to entitle him to recover, it allowed nothing for the amount paid by the assignment of the cause of action on the covenants. This was directly contrary to our former decision in the case, in which we held that, so far as the parties actually estimated and allowed the value of the assignment in their bargain for the land, it should be considered, for the purposes of this action, as so much consideration actually paid, not exceeding, however, the amount which Frickles himself might have recovered for a breach of the covenants if he had brought the suit.

As it is suggested in the argument of the counsel for the defendant, that he denies the validity of the tax deed, and only failed to except to the finding, and to appeal, on account of the small amount of the judgment actually recovered, and as we can readily see that under the present practice a defendant in error, or respondent, can have no benefit of any exception that he may have taken, where the judgment is eventually in his favor and the opposite party appeals, we shall, instead of remanding the cause with directions to enter judgment for the plaintiff for the full amount of damages required by the rule above suggested, reverse the judgment and direct a new trial.

*By the Court.*—Judgment reversed, and new trial awarded.