## EATON vs. LYMAN.

COVENANTS FOR TITLE: EVICTION OF COVENANTEE. (1–3) *Proper evidence that it was upon title paramount to that of covenantors.* (4) *Judgment to which covenantee is entitled on showing moneys paid to remove incumbrances.*

1. In an action by E. (as assignee) upon the covenants in L's deed to F., a former eviction of F. at the suit of E. is not of itself proof of E's paramount title as against L.
2. A tax deed to plaintiff, made after the commencement of this action, is no evidence therein of his title.
3. A tax deed of earlier date, introduced merely " for the purpose of showing incumbrances," is not evidence of plaintiff's paramount title.
4. Proof of moneys paid to remove tax or other liens covered by L's covenants, will only sustain (under proper pleadings) a judgment for the amount so paid, with interest and not one for the amount to which plaintiff would have been entitled on showing paramount title in himself.

ERROR to the Circuit Court for *Winnebago* County.

Action upon the covenants in a deed, the plaintiff claiming under an assignment from one Frickles, defendant's grantee in the deed. The plaintiff, in an action against Frickles (in 1865), had obtained judgment of possession, and evicted him, but immediately sold him the premises, taking in part consideration Frickles' right of action against the defendant under the covenants in the deed of the latter to Frickles. The plaintiff introduced the following evidence: 1st. The deed from the defendant to Frickles, containing the covenants sued upon. 2d. Assignments to himself from Frickles, of the right to recover on these covenants. 3d. Under objection of defendant, a certified transcript of the

judgment and proceedings in the suit of plaintiff against Frickles, together with the execution issued thereon, purporting to show an eviction on the 5th of February, 1865. 4th. A tax deed, dated December 31, 1867, to one Eastman, for part of the lands in controversy, and a quit-claim from Eastman to plaintiff; objected to by defendant because the tax deed was issued after the commencement of this action. 5th. A tax deed dated April 11, 1863, based upon a tax sale in 1851, for the purpose of showing incumbrances; which was also objected to. 6. A certain abstract from the office of the clerk of the board of supervisors, and two redemption certificates issued by the same clerk, introduced to show incumbrances outstanding at the time the defendant deeded to Frickles, and which plaintiff had taken up. The plaintiff, as witness for himself, stated that the consideration of the deed given by him to Frickles was $35 in money, and an assignment of Frickles' right of action against the defendant, which was estimated between them at $450; and that Frickles had been in possession ever since.

The defendant introduced evidence to show title in himself at the time he sold to Frickles.

The court instructed the jury to find a verdict for the plaintiff for $350, with interest from March 26, 1865. This seems to have been the date of the assignment to plaintiff. The evidence upon which $350 was determined as the proper amount of damages, does not appear in the printed case. Verdict and judgment accordingly; and defendant appealed.

*J. M. Gillet*, for appellant:

1. The court cannot hold in this case, as it now stands, that the defendant is bound by the eviction of Frickles, which does not appear to have been upon a title paramount to that of the defendant. The case was different when the court held, in one of the former appeals (*Eaton v. Lyman*, 24 Wis., 438), that *Lyman* was bound because he was connected with that eviction by taking part in the trial — independently of whether Frickles was evicted by a paramount title. 2. The charge of the judge

below was erroneous. It directed a verdict absolutely, independent of the question whether the jury believed the evidence, and independent of all evidence. It also directed them to find a verdict for $350 and interest, when at most plaintiff was entitled to recover only $35, and possibly a part of the taxes.

*R. P. Eaton*, respondent, in person, argued that the tax deed to Eastman the certificates of redemption by the plaintiff, and the abstract of title showing incumbrances, and redemption by the plaintiff, were properly received in evidence, and sufficiently established the plaintiff's right to recover upon the covenants in defendant's deed. 2. The case also shows an eviction of Frickles under plaintiff's judgment, after notice to the defendant. Defendant, not having moved for a new trial, cannot object that the evidence was not sufficient.

DIXON, C. J. This case comes here for the third time, and upon questions differing from those heretofore decided. *Eaton v. Lyman*, 24 Wis., 438 ; *Same v. Same*, 26 Wis., 61. The question of *Lyman's* being bound by the judgment in the action of *Eaton v. Frickles* is altogether out of the case. The bill of exceptions contains no evidence upon that point, and is certified to contain all the evidence necessary to present the questions arising upon the exceptions taken. The record, therefore, of the proceedings and judgment in *Eaton v. Frickles*, given in evidence by the plaintiff, was no proof of paramount title against the defendant. The position that it was, or that *Lyman* was bound by that judgment, is said to have been abandoned in the court below ; but whether for the reasons stated by this court in its last opinion, or for others, does not appear. At all events, the evidence of paramount title to charge the defendant with full damages for breach of the covenant sued upon, and to justify the instruction of the court to the jury to which exception was taken by the defendant, is to be found elsewhere than in the record and judgment

in *Eaton v. Frickles*. The court directed a verdict in favor of the plaintiff for $350, with interest at seven per cent. from the 26th day of March, 1865. An examination of the bill of exceptions does not disclose any evidence of paramount title in the plaintiff justifying this direction. The only evidence offered or given by the plaintiff to show such title, was a tax deed from Brown county and the state of Wisconsin to H. Eugene Eastman, for 45 acres of the land in controversy, dated December 31st, 1867, and a quit-claim deed from Eastman and wife to the plaintiff, dated October 16th, 1868. Both those deeds were executed after this action was commenced, which was in March, 1867, and they were of course no evidence of paramount title in the plaintiff upon which this action can be sustained.

It is true the plaintiff gave in evidence the tax deed executed in 1863 upon the sale of 1851, but, as the bill of exceptions states, "for the purpose of showing incumbrances." That deed was not offered or relied upon by the plaintiff as evidence of title in himself.

The plaintiff likewise gave evidence of some other incumbrances to a small amount, for taxes due and unpaid on the land at the time of the conveyance by *Lyman* to Frickles, and which have been paid off or removed by the plaintiff. As the assignee of Frickles, the plaintiff may, perhaps, if the pleadings are properly framed, be entitled to recover the sums so paid to remove incumbrances; but they amount to nothing like the sum for which the court directed verdict, and which can only be recovered by proof of paramount title in the plaintiff, upon which he evicted Frickles. No such title was proved, and the judgment must be reversed, and a new trial awarded.

*By the Court.*— It is so directed.