AT THE

*January Term, 1872.*

30 41
74 38

30 41
f102 580

30 41
166 NY 343

---

## EATON vs. LYMAN.

COVENANT IN DEED: *Tax certificate a breach of covenant against incum-
brances—Damages—Proof requisite.*
COSTS.

1. In any action in the circuit court which could not have been brought in
a justice's court, a judgment for nominal damages carries costs.
2. Where the plaintiff in such an action is entitled to a judgment for nom-
inal damages, a judgment of nonsuit will be reversed. *Mecklem v.
Blake*, 22 Wis., 496, as to this point overruled.
3. A tax certificate outstanding at the date of a conveyance by warranty
deed, is a breach of the covenant against incumbrances.
4. In an action upon the covenants of such deed, the grantee (or his
assignee of the right of action) is entitled to recover the amount nec-
essarily expended by him in removing the incumbrance, not exceed-
ing the purchase price of the land. If the grantee has not removed
the incumbrance, he may still maintain the action and recover *nom-
inal* damages.
DIXON, C. J., dissents from the last proposition.
6. Whether after the recovery of nominal damages in such a case, the
grantee or his assignee could maintain a subsequent action for actual
damage afterwards suffered from the existence of such incumbrance,
is not here decided.
7. Proof that the grantee has been evicted does not show a breach of the
covenant of warranty, without showing either under what title the
the plaintiff in the action against said grantee claimed, and that the
same was in fact paramount to the title of his grantor, or that said
grantor was bound by the judgment in that action.

ERROR to the Circuit Court for *Winnebago* County.

The plaintiff in error was also plaintiff below. The facts appear in the opinion and in the former reports of the same cause in 24 Wis., 438; 26 Wis., 61; 28 Wis.

*R. P. Eaton*, appellant in person.

*Gillet & Taylor*, for respondent.

No briefs on file.

COLE, J.    If any one desires to have the history of this case up to the present time in this court, it will be found reported in the 24 Wis., 438; 26 do., 61; and 28 do.    The case now comes up on a writ of error from a judgment of nonsuit.    The bill of exceptions is very meager and leaves in some obscurity the real state of the case made out by the plaintiff.    But we think it sufficiently appears that the plaintiff showed a breach of the covenant against incumbrances and therefore a majority of the court think that the motion for a nonsuit should not have been granted.

The defendant conveyed to Frickles, in September, 1860, by deed containing full covenants.    At this time a tax certificate, issued on the sale of 1851, existed against the premises.    The plaintiff has assigned breaches of the covenants of warranty, seizin, against incumbrances, and for quiet enjoyment, in the complaint.    And he attempted to show a breach of the covenant of warranty by introducing the record in the suit in which he was plaintiff and Frickles was defendant, in which there was a judgment in his favor for the recovery of the possession of the land, but he failed to show that this recovery was upon a paramount title, and that the defendant was concluded by that judgment.    When the plaintiff rested, the court held that his case was defective in not showing that the tax deed of April 11, 1863, was used on the trial of the suit against Frickles, and the proofs leave it doubtful upon what title a recovery was had in that action.    So the plaintiff failed to show a breach of the covenant of warranty.    But the evidence does sufficiently show

Eaton vs. Lyman.

a breach of the covenant against incumbrances on account of the existence of the tax certificate when the defendant conveyed to Frickles, for which the grantee might recover, according to all the authorities, nominal damages, even though he had not removed the incumbrance. In this case, however, the plaintiff showed a tax deed executed to him, dated April 11, 1863, founded upon this tax certificate — thus proving that he had bought up this outstanding incumbrance, but what he was compelled to pay therefor does not appear in the evidence. All therefore it is possible to assume upon the record before us, is that the proof showed a breach of the covenant against incumbrances, but did not show what actual loss or damages the covenantee had sustained thereby, nor what amount of money had been paid to remove the incumbrance. The case then would seem to be narrowed down to the simple inquiry whether the grantee could maintain the action to recover only nominal damages for a breach of the covenant against incumbrances, when such an incumbrance is conceded to exist? The majority of the court think such an action can be maintained, and as a consequence that the nonsuit must be set aside.

It is the quite uniform language of the authorities, at least in this country, so far as I am aware, that a covenant against incumbrances is broken if the land at the time of the conveyance is subject to an incumbrance not excepted in the deed, and that the covenantee may maintain an action for the breach, but can recover only nominal damages, unless it appears that he has sustained an actual injury. Such an action was sanctioned in *Pillsbury v. Mitchell*, 5 Wis., 17, without question, and I have been unable to find a case where an opposite decision has been made. It would be mere affectation to refer to the numerous authorities which so state the law upon this subject, and I shall content myself by making a brief quotation from Rawle on Cov., p. 155, where he says: " The rules that have been adopted as to the measure of damages for a breach of this covenant,"

—(the covenant against incumbrances)—"appear when stated as general propositions, to be very simple. The covenant being treated as a covenant of indemnity, nothing is better settled than that if the incumbrance is still contingent in its character, and if nothing has been paid by the plaintiff towards removing or extinguishing it, and it has inflicted no actual injury upon him, he can obtain but nominal damages, as he is not allowed to recover a certain compensation for running the risk of an uncertain injury." This assumes that the action on the covenant of freedom from incumbrances may be maintained by the covenantee, although nothing but nominal damages are recoverable. As this covenant is called one of indemnity, there has been a vigorous effort made by some courts to enlarge its application, so as to give the assignee or owner of the premises for the time being, who has had to sustain the actual loss, the benefit of it. But there is obviously some difficulty in applying that doctrine — even if the benefit of the covenant passes to the assignee — to a case where there has been already a recovery for a technical breach of the covenant before the actual and substantial loss occurs, when the estate is owned by another. In that case, it is not clear whether the judgment in the first action would be a good bar to a second action on the same covenant, when brought by some subsequent purchaser who is removed from the original covenantee by many conveyances, but who is the person really injured by the incumbrance. That question, however, does not arise in this case, and, as a matter of course, we express no opinion upon it. Here the action is brought by one standing in the place of Frickles, the original grantee. It must be admitted that, as the tax certificate existed when the deed was made by the defendant the covenant that the premises were free from incumbrances was then broken. There was a breach of that covenant, for which the plaintiff is entitled to recover whatever damage he or his assignee sustained by the existence of the tax certificate. It is obvious that this conclusion necessarily and inevitably follows, unless we deny altogether the right of the

covenantee to maintain an action for a technical breach where only nominal damages can be recovered. But as already remarked, I have found no case which decides that such an action cannot be maintained, and I am unwilling to be the first to announce such a doctrine. It may be said that it is of no practical advantage to the plaintiff to be permitted to bring such an action, while it only mulcts the defendant with the payment of a bill of costs. But the same objection might be raised to many other actions where the plaintiff only recovers nominal damages. And it is obvious if no second action can be brought on the covenant by any subsequent purchaser who may own the land when the actual loss occurs, then the covenantor has no right to object that the action is prematurely brought when the recovery is limited to nominal damages. Even if the covenant is held to run with the land, so as to be available to the owner when a substantial breach occurs, then the covenantor has no reason to complain that there has been a former recovery of nominal damages. For he has only answered for each breach of his contract to the extent of the injury sustained in the two cases. It is, undoubtedly, more in accordance with the analogies of the law, to say that a judgment for nominal damages even would be a bar to a second action on the same covenant. But whether that would be so it is not necessary now to decide. But to say to the covenantee who may own the estate when the action is brought, that he is not entitled to recover whatever damages he may have sustained in consequence of the existence of the incumbrance is, as it seems to me, in opposition to the quite uniform language of the authorities. *Morrison v. Underwood*, 20 N. H., 369; *Wetherbee v. Bennett*, 2 Allen, 428. Upon this point I think there is nothing in the views thus far expressed in conflict with the decision in *Mecklem v. Blake*, 22 Wis., 495. Indeed, it is assumed all through that case, that for a breach of the covenant of seizin, where there had been no eviction nor other actual injury, the grantee might recover nominal damages, though that point is not there decided.

Upon another question which was passed upon in that case we are all agreed that the decision then made was wrong. It is that where it appeared that the plaintiff was entitled to recover nominal damages only, the judgment would not be reversed, even if the circuit court directed the jury to find for the defendant. The case of *Mecklem v. Blake* followed *Laubenheimer v. Mann*, 19 Wis., 519, without observing that a judgment for nominal damages in the former case would have entitled the plaintiff to costs under our statutes. A judgment for nominal damages in actions which could not be brought in a court of justice of the peace carries costs. Chap. 133 section 38, R. S. Neither this action nor that of *Mecklem v. Blake*, could have been brought in a justice's court. By the judgment of nonsuit in this case the plaintiff must pay costs. If he had recovered a judgment for nominal damages, as he was clearly entitled to upon the evidence, he would have also recovered costs. The judgment therefore must be reversed and a new trial ordered.

Dixon, C. J. I cannot deny but it was tacitly assumed in *Mecklem v. Blake*, 22 Wis., 495, that the covenantee might maintain his action upon the covenant of seizin for the nominal breach, recovering nominal damages only for such breach, which, if it occurs at all, occurs as soon as the covenant is made. I cannot deny but it was tacitly assumed in that case, though for the mere purpose of the case when considered with reference to the question of costs, that there might be such nominal recovery, in advance of any substantial breach of the covenant, or in advance of an ouster or actual disseizin or dispossession of the covenantee of the whole or some part of the estate conveyed, by virtue of a paramount title or right, which alone would constitute a substantial breach. I say I cannot deny such admission most unguardedly made and, as I now think, wholly unnecessary to the decision ; and if the effect of it has been to lead to or in the slightest degree to encourage the conclusion now reached by the majority of the court, then I must say I regard it as doubly

unlucky and adverse — a sort of twofold blunder for which I acknowledge my full share of responsibility.   I must say I look upon it as exceedingly unfortunate that this court should have made the mistake which, in the vulgar pleasantry of the old comedy, the traveler was cautioned against when told that, coming to where two roads met, he should be careful to take but one of them.   Such in my judgment is the more than comic attitude of this court with respect to the important question here involved — traveling or attempting to travel two distinct and oppositely directed roads at one and the same time.   I think this will be found a feat most difficult to accomplish.   The case of *Mecklem v. Blake*, fortified and upheld as it is by numerous kindred decisions of this court, both before and since made, is not overruled nor proposed to be, nor its authority shaken, and yet the rule of the courts holding the entirely different and opposite doctrine as to the nature of the covenants, both of seizin and against incumbrance, is to be adopted and pursued with respect to the so-called nominal breach and nominal recovery of damages therefor.   Besides the decisions of this court there referred to on page 499, I refer likewise to *McIndoe v. Mormon*, 26 Wis., 588.   In this account of our own decisions clearly and emphatically sanctioning and upholding the principle of *Mecklem v. Blake*, which was itself most carefully and deliberately examined and considered with respect to the inherent nature of the covenant, or the point that it ran with the land, the early case of *Pillsbury v. Mitchell*, 5 Wis., 17, is of course rejected, as it is wholly inconsistent with the later decisions and has been virtually, though not in terms perhaps, overruled.

In those courts which hold that covenants of seizin and against incumbrances (for both stand upon the same footing and are regarded as of the same nature by all courts) are purely personal and *de presenti*, and so are complete and perfect, or broken and impaired as soon as made, the doctrine of nominal breach and nominal recovery is very consistent and proper. Such doctrine necessarily results from the nature of the cove-

nants as held by them, the same being broken as soon as made
and so converted into mere choses in action or rights to sue in
the hands of the covenantee, and so deprived of all capacity to
run with the land so as to pass the benefit of them to the grantee
of the covenantee. In those courts the recovery is reduced to
a merely nominal one, where there was seizin in fact or in deed
of the land in the covenantor, which passed to the covenantee who
has entered and enjoyed according to the deed, and where the
breach complained of is merely a paramount title in a stranger,
or an outstanding incumbrance that has not yet been either
asserted or extinguished. And the reason why in such cases
the damages are only nominal is, that if for such breach the
covenantee is permitted to recover the consideration and inter-
est, he may get both the purchase money and retain possession
of the land under a title which is defeasible, but which may in
fact never be defeated. The entire learning of those courts
holding to the *de presenti* nature of the covenants, is very con-
cisely exhibited and numberless citations made in *Morrison v.
Underwood*, 20 N. H., 369.

But notwithstanding the unguarded general assumption in
*Mecklem v. Blake*, it was expressly stated in that opinion,
pages 497–8, that, whether under its views there could be any
so-called nominal breach or nominal recovery, or whether all
right of action was dependent on an actual breach or actual loss
or damages sustained by the covenantee or subsequent grantee
under him, possession of the land being taken and held under
the deed, were questions not there decided. They were sup-
posed, though erroneously as I now think, to be questions not
necessary to the decision.

But this court having, in that case as well as others, adopted
and declared the rule of interpretation that covenants of seizin
and against incumbrances are real and *de futuro*, and not per-
sonal and *de presenti*, so that they run with the land and pass
the benefits of them to the grantees of the covenantee, it follows
as clearly and undeniably as one proposition can follow from

another, that there can be no nominal breach or nominal recovery where the covenantee, or those holding under him, take and retain undisturbed possession of the land without molestation or loss from the outstanding paramount title or the incumbrance. This follows necessarily and logically from the premises respecting the nature and operation of the covenants. They are thus placed upon the same footing as other covenants which inhere in and attach to the realty, and run with it until the breach ensues. They belong to the same category or class with the covenants for further assurance of quiet enjoyment and of warranty, which are dependent upon posterior events, and of which there can be no breach until such events happen. Such is the logical sequence of the doctrine we have adopted, and such it will be found are the decisions of those courts in which the same doctrine prevails.

But by the decision in the present case these covenants are made to operate both *de presenti* and *de futuro*, a thing most anomalous and farcical in the law, and wholly unknown, except where perchance the same mistake has been made which has intervened here. Now, if the rule of the present case is to govern, there is or may be a double breach of every such covenant, or otherwise it is to be deprived of all beneficial capacity in running with the land. Now it is broken as soon as made, and yet it is not broken until ouster or dispossession, or until substantial loss or damage has been sustained. Now the covenant may be made one day, the covenantee may sell and convey the next for the full price paid by him or more, and the third day his grantee may be evicted under title paramount, and yet both shall have their action upon the covenant; the covenantee his for the nominal damages, and his grantee his action for the actual damages or for the purchase money paid the covenantor, with interest upon the same. Both actions may be commenced and both prosecuted at the same time, and neither shall be a bar or operate as an impediment in the way of the other. If this be not so, then we are to reject entirely the rule of our

former decisions, and to say that the covenants do not run with the land, which I understand there is no disposition or intention on the part of the court to do. · It is said there is nothing in this decision inconsistent or in conflict with the former ones. It is the purpose of this opinion to show that there is such inconsistency and conflict, and that on principle the cases cannot be made to stand together or harmonize. As now construed the covenants are made to subserve the purposes of the statutory covenant in Missouri, where after the recovery of nominal damages by the covenantee, it has been held there may be a subsequent recovery of actual damages suffered by a grantee of the covenantee, in a suit, however, *in the name of the covenantee for the use of the grantee*, who sustained the loss. *Collier v. Gamble, use of McCabe, etc.*, 12 Mo., 467. And in *McConnel v. Kribbs*, 33 Ill., 175, is a very interesting discussion of the general question whether a recovery of nominal damages will in any case bar an action for actual damages subsequently sustained, and it was held that it would not. But in no case before the present one, that ever I have seen or heard of, has it been held that the covenant divides itself, remaining in part with the covenantee for the purpose of a nominal recovery, and the residue of it passing on with the land for the benefit of the subsequent grantee or holder who may be in at the time an actual breach takes place. This is contrary to all the principles and analogies of the law, and a proposition little less than absurd on its very face. It is a proposition wholly unsustained by authority anywhere, except it may be an erroneous and uncalled for assumption in the case of *Wiser v. McCollister*, 10 Indiana, 41. The court of that state, having adopted and still adhering to the English rule with respect to the nature and construction of the covenants, most erroneously and unnecessarily assumed in that case that an action for the so-called nominal breach might still be maintained. This was either a sheer mistake on the part of that learned court, or the result of a timid and feeble and vaccillating course of decision—a blind servility or desire

on its part to accommodate itself to mere numbers of cases without regard to principle, which was even far less excusable.

Now it is said in the opinion of the court in the present case, that the authorities all hold to the doctrine of the so-called nominal breach and nominal recovery, and that "no case which decides that such an action cannot be maintained" has been found, etc. The truth is, there was never a greater mistake in the world, for almost every one of the cases upon which *Mecklem v. Blake* was determined, do decide this very point, and that no such action can be maintained. The fact is that actions of the kind are *wholly without precedent* in England, in Ohio, in Indiana, in Missouri, and, so far as I know, in South Carolina, where the doctrine of the inherent and real nature of the covenants prevails, and the courts there have been constantly deciding that such actions could not be maintained. I repeat here the references upon which *Mecklem v. Blake* was decided, and shall then proceed with some brief comments upon the cases themselves or upon some of them. *Kingdon v. Nottle,* 1 Maule & Selw., 335; *King v. Jones,* 5 Taunt., 418; *Kingdon v. Nottle,* 4 Maule & Selw., 53; *Backus v. McCoy,* 3 Ohio, 211; *Foot v. Burnet,* 10 Ohio, 318; *Devore v. Sunderland,* 17 id., 52; *Martin v. Baker,* 5 Blackf., 232; *Overhiser v. McAllister,* 10 Ind., 41; *Dickson v. Desire,* 23 Mo., 151; *McCrady v. Brisbone,* 1 Nott & McCord, 104; and *Jeter v. Glenn,* 9 Richson, 376. I observe generally of these cases that they will be found full of wisdom and sound instruction upon the questions considered in them, and particularly that the argument of Mr. EWING and the opinion of Judge SHERMAN in 3 Ohio, the opinion of Judge BLACKFORD in 5 Blackf., and the opinion of Judge LEONARD in 23 Mo., seem to me to be unanswerable vindications of the correctness of the decision in *Mecklem v. Blake,* and that when carefully weighed and considered they would carry the question in the same way before any court not already bound down by precedent or overcome by the doctrine of *stare decisis.*

But to come immediately to the point here presented in *Kingdon v. Nottle*, first case, the question was whether an executrix could sue for a breach of the covenant of seisin, without showing some special damage to have occurred to the ancestor, and it was decided that she could not.

*King v. Jones* was much the same in principle. The grantor covenanted with the grantee and his heirs to do all lawful and reasonable acts for further assurance upon request. The request was afterwards made by the grantee and refused by the grantor. The grantee died, not having sued for the breach, and not having been evicted. His heir brought a suit for the breach of covenant, and the court sustained it.

In *Kingdon v. Nottle*, second case, the action was by a devisee on the covenant of seizin, and the plaintiff recovered.

*Backus v. McCoy*, was an action by an administrator to recover damages for an alleged breach of the covenant of seizin made to his intestate, " without alleging any eviction, or specifying any damage sustained by the intestate, in consequence of the alleged defect of title," and it was held that the plaintiff could not maintain it.

In *Foots v. Burnet*, the action was for the breach of a covenant against incumbrances, and the principle affirmed was that there could be no action and no recovery except for actual or special damage sustained.

*Devore v. Sunderland*, was an action upon the covenants of seizin and of power to convey, and it was held that if the grantor was in actual possession, those covenants attached to and ran with the land, and were not broken until eviction by title paramount.

The case of *Martin v. Baker*, was also a suit by the administrator of the grantee on the covenant of seizin, and it was held that he could not maintain it without showing some special damage to have accrued to his intestate.

In this last case the court say : " It may be remarked here, that as respects the right to sue on the covenant of seizin, the

heir of the grantee stands on the same ground with a devisee or assignee of the grantee. If the administrator can sue in this case, it is because the covenant does not run with the land, and that construction of the covenant must exclude a devisee, or subsequent grantee, as well as the heir, from the right to sue on it." And again: "If the heir or devisee has a right to sue for the ultimate damage arising from the breach, it is obvious that the executor has no such right. There cannot be two recoveries against the grantor for the same breach of covenant, and for the same damages."

And in *Backus v. McCoy*, the court say: "If the grantor is in the exclusive possession of the land, at the time of the convey-ance, claiming a fee adverse to the owner, although he was in by his own disseizin, *his covenant of seizin is not broken*, until the purchaser, or those claiming under him, are evicted, by title paramount. He has a seizin in deed, as contra-distinguished from a seizin in law, *sufficient to protect him from liability, under his covenant, so long as those claiming under him may continue so seized.*"

The foregoing citations are amply sufficient and quite to the point of showing that in England, and in those states whose con-struction of the covenants of seizin and against incumbrances this court professes distinctly and implicitly to have adopted and to follow, the doctrine of nominal breach and nominal recovery is wholly unknown and totally and absolutely repu-diated. And in reason and sound law this could not be other-wise there, as in reason and sound law it cannot be here. This attempt at mixing oil and water together, making a sort of witches' caldron of the law, or travelling two roads at the same time, cannot succeed. Either the rule of *Mecklem v. Blake* must be abandoned, or that of the present decision must be. The two cannot stand or proceed together. This nonde-script and abnormal kind of covenant cannot be sustained. I must confess to a slight feeling of annoyance and impatience

at the confusion and uncertainty which have thus been most needlessly introduced.

If the executor or administrator could not sue in the above cases, it is unnecessary to remark that the testator or intestate could not himself have done so. The action was denied to the executor and administrator because there was no right or cause of action in the deceased whom he represented. And yet in the present case the majority of the court hold that Frickles, the covenantee, may assign a right of action for mere nominal damages to the present plaintiff, who may prosecute therefor and recover, notwithstanding there has been no eviction and no actual or special damage sustained by Frickles. The right to sue for mere nominal damages with large bills of cost is at best a most hard and unconscionable one, though the law gives it in proper cases, and, therefore, no court can be justified, as it seems to me, in sanctioning or sustaining it at the expense of violating a clear principle of law as recognized and established by itself.

A few words are necessary to explain a mistake of fact which has found its way into the opinion of my brethren. It is said : "In this case, however, the plaintiff showed a tax deed, executed to him, dated April 11, 1863, founded upon this tax certificate — thus proving that he had bought up this outstanding incumbrance, but what he was compelled to pay therefor does not appear in the evidence." This is altogether a misconception. This tax certificate and tax deed were the foundation of the plaintiff's supposed paramount title under which he claimed, but failed to show, that he had evicted Frickles. My brethren forget that the plaintiff sues as assignee of Frickles, the covenantee, and that there is no claim or pretence that Frickles ever bought or owned or in any manner paid for or extinguished the tax certificate or tax lien. The very reverse is true. The plaintiff did dot obtain the certificate or deed from or through Frickles or by assignment from him, and consequently acquired no right to sue upon the covenant or as the assignee of it, for actual damages by reason of the certificate or

tax lien. This is plain as will be seen from the statement of facts in the 24 Wis., 438, and as also appears from the bill of exceptions in the present case, and for that matter, as has always appeared when the case has been up here.

I have given no attention to the question whether a suit upon the covenant against incumbrances is one of which, where the damages claimed are merely nominal, or are less than $200, a justice of the peace could have jurisdiction or not, and so express no opinion upon it. If a justice of the peace would have such jurisdiction, then it is manifest that the plaintiff would not be entitled to full costs in the circuit court.

I think the judgment should be affirmed.

*By the Court.*— Judgment reversed.