## EATON VS. LYMAN.

(1-3) ERROR *must be shown affirmatively.* (4, 8) *Evidence.* (4-8) *Taxes — Tax proceedings — Tax deed.* (7-10) *Breach of covenant against incumbrances.*

1. The party who asserts that error has been committed in the trial of a cause, must see that the record shows that fact affirmatively.
2. Plaintiff, to show a breach of defendant's covenant against incumbrances, in a deed of land, " offered a deed from B. county and state

Eaton vs. Lyman.

of Wisconsin to H. E., of said land, founded on the sale of 1840, and dated December 31, 1867." The record shows nothing further con cerning this tax deed, except that it was rejected. *Held*, that upon such a record this court cannot say that the rejection of the deed was error.

3. The land in question being in the Brothertown Reservation, plaintiff " offered a certified copy of the report of the commissioners elected under the act of congress approved March 3, 1839, to subdivide and apportion the lands of the Brothertown Reservation to the different members of the tribe; but the court ruled out such report as incompetent and immaterial." The report is not made a part of the bill of exceptions. *Held*, that it is impossible to say upon this record whether it was error to reject the report.

4. The record contains a patent of said land, from the United States, bearing date in 1842. *Held*, that this shows, *prima facie*, that the land was not subject to taxation in 1840.

5. Where the notice of a sale of lands for taxes was required by law to be published, " once in each week for four successive weeks prior to the sale," and the first publication was only twenty-six days before the sale: *Held*, that the sale was invalid.

6. A tax deed which fails to state the name of the purchaser at the tax sale, is void. *North v. Wendell*, 22 Wis., 431.

7. To show that the land, when conveyed by defendant with covenant against incumbrances, was incumbered by unpaid taxes, plaintiff must show the levy of a *valid* tax.

8. The sale book kept by the clerk of the county board of supervisors, showing the sales of land for taxes is *prima facie* evidence of the facts therein stated, but is *not* evidence of the *validity* of the taxes.

9. Where defendant was not bound by a judgment under which his covenantee in a deed of land was evicted, and in an action on his covenants plaintiff failed to show that such eviction was by paramount title, and also failed to show by competent evidence any *incumbrance* existing at the date of defendant's deed: *Held*, that the court properly directed a verdict for defendant.

10. DIXON, C. J. (adhering to the view expressed in his dissenting opinion in 30 Wis., 41, 46), is of opinion that, even if plaintiff had shown a breach of the covenant against incumbrances, he would not have been entitled to any recovery without proof of *actual* damages, the covenant being held by this court to run with the land.

APPEAL from the Circuit Court for *Winnebago* County.
*R. P. Eaton*, plaintiff and appellant, in person.
*Gillet & Taylor*, for respondent.

LYON, J.  This action now makes its fifth, and, it is earnestly hoped, its last appearance in this court.  The student who is curious to learn something of the vicissitudes to which a lawsuit, even of moderate dimensions, may be subject, when manipulated by skillful hands, can gratify his curiosity to some extent by carefully perusing the reports of this case in 24 Wis., 438; 26 id., 61; 28 id., 324; 30 id., 41.

The grounds upon which the action is predicated are stated in the 24 Wis., 438; but for convenience it may be repeated here, that it was brought to recover damages for certain alleged breaches of the covenants of seizin, for quiet enjoyment and against incumbrances, contained in a conveyance of land, executed by the defendant to one Frickles in the year 1860.  By the judgment of the circuit court, in an action of ejectment brought by the present plaintiff against Frickles, the latter was evicted from the land, the plaintiff having succeeded in establishing a title thereto paramount to that of Frickles which was so conveyed to him by the defendant in 1860.  Frickles and the plaintiff adjusted the matter, and the plaintiff conveyed the land to him, taking, in part payment therefor, an assignment of the cause of action against the defendant for any breaches of the covenants in his deed to Frickles.  The title upon which the plaintiff prevailed in that action was a tax deed of the land, issued pursuant to a sale thereof made April 9, 1851, for nonpayment of the taxes of 1850.

The questions presented by this appeal relate solely to the admissibility and effect of certain testimony given, and of certain proposed testimony offered and rejected, on the last trial of the action.

I.  The judgment roll in the action against Frickles which resulted in his eviction from the land in question, was read in evidence.  It appears that after the judgment in that case, the defendant offered to pay the costs and take a new trial under the statute, and conduct the defense at his own expense, but Frickles refused to allow him to do so.  In 26 Wis., 61, it is

held that under such circumstances the defendant is not bound by that adjudication. By this decision the question became *res adjudicata*, and hence it became necessary for plaintiff to show the existence of such paramount title by evidence *dehors* the judgment, before it could be available to him as a cause of action. He attempted to make this proof by reading in evidence the tax deed upon which he had evicted Frickles. But the defendant proved by the proper records that the notice of the tax sale of 1851 for the unpaid taxes of 1850, which the statute (R. S. 1849, ch. 15, secs. 86 and 87) required should be published " once in each week for four successive weeks prior to the sale " in some one of the newspapers therein specified, was first published but twenty-six days before the sale ; that is to say, it was published March 13th, and the time fixed by law for the sale was the second Tuesday in April, which, in the year 1851, was the 8th day of that month. The land in question was sold April 9th. This want of sufficient notice of sale renders the tax deed invalid. The plaintiff entirely failed, therefore, to prove the existence of a title paramount to that conveyed by the defendant to Frickles.

II. But he attempted to show breaches of the covenant against incumbrances in the following particulars: 1st. He offered in evidence a tax deed of the land in question, or some part of it, executed in 1867 to one Eastman, and founded upon the tax sale of 1840. The plaintiff objected to the admission thereof as immaterial and incompetent. The court sustained the objection, but on what ground does not appear. The deed is not made a part of the bill of exceptions, and we have no knowledge of its contents further than we are informed thereof by the brief entry in the bill relative to the offer, which is as follows: " Plaintiff offers a deed from Brown county and state of Wisconsin to H. E. Eastman of said land, founded on the sale of 1840, and dated December 31, 1867, to show incumbrances." We cannot say from this record that the deed was improperly rejected. It might have been void on its face for

various reasons, and entirely immaterial to the case. The party who asserts that error has been committed must see to it that the record shows the fact affirmatively, or it will not avail him. This record fails to show that the tax deed of 1867 ought to have been received as evidence. On the contrary it shows affirmatively that the land was not liable to taxation in 1840. The only testimony showing when the land became liable to taxation was the patent from the United States, which bears date in 1842. This proved *prima facie* that the land was not taxable before that date, and such proof was not rebutted. *Eaton v. North*, 20 Wis., 449.

2d. The bill of exception contains the following offer of testimony: "Plaintiff offers a certified copy of the report of the commissioners elected under the act of congress approved March 3, 1839, to subdivide and apportion the lands of the Brothertown reservation to the different members of the tribe." (It is understood that the land in question is on such reservation.) The court sustained an objection that the same was incompetent and immaterial. The offered report is not made a part of the bill of exceptions, and it is impossible to say from the record whether it was or was not error to reject the offered testimony. The above remarks relative to the failure to insert in the bill of exceptions the Eastman tax deed are equally applicable to this report.

3d. The court also rejected a tax deed to said Eastman of a part of the land in question, dated in 1852, and also founded on the sale of 1840. This deed was ruled out for the reason that it failed to give the name of the purchaser at the tax sale. The deed was void, and the ruling correct. *North v. Wendell*, 22 Wis., 431.

4th. The only remaining incumbrances which the plaintiff sought to establish, were the sales of the land in 1849, 1850, 1852 and 1854, for the nonpayment, respectively, of the taxes on such land for the preceding year. The only evidence on the subject was a certified copy of the entries in the sale book

Eaton vs. Lyman.

kept by the clerk of the board of supervisors relating to such land, which entries show that the same was sold as alleged by the plaintiff.

In order to demonstrate that the land was incumbered by unpaid taxes, it was incumbent upon the plaintiff to prove, by competent evidence, that a valid tax had been assessed thereon. The sale book is *prima facie* evidence of the facts stated in it, but of nothing beyond that. It is not evidence that a valid tax was levied upon the land in question for either of those years. Hence the plaintiff failed to prove an incumbrance by reason of the above mentioned tax sales.

III. The foregoing remarks, if correct, dispose of all the alleged incumbrances. And inasmuch as the plaintiff failed entirely to show that an incumbrance on the land existed when the defendant conveyed the same to Frickles, or that there was then an outstanding paramount title, I think the court properly directed the jury to find for the defendant.

The judgment of the circuit court should be affirmed.

DIXON, C. J. I fully agree to the proposition that he who asserts error must prove it by the record, and that nothing can be presumed against the correctness or regularity of the proceedings of the court from which the appeal is taken. My views upon this subject are fully stated in *Cutler v. Hurlbut,* 29 Wis., 153, 163, and also upon what facts are necessary to constitute a sufficient offer of evidence, or to show that error was committed in rejecting it, in *Schmidt v. Pfeil,* 24 Wis., 452.

But there is still another reason why I think the judgment should be affirmed. It is the same which led to my dissent from the judgment of reversal in this action in 30 Wis., 41, 46, but which leads to an affirmance here. Suing as the assignee of Frickles upon breach of the covenant of seizin and against incumbrances, it was necessary for the plaintiff to show that Frickles had sustained some actual damage by reason of such breach, as that he had paid or extinguished the incumbrances,

or been evicted, or otherwise suffered actual loss or injury, and that the cause or causes of action so having accrued to Frickles had been transferred to him, the plaintiff. (30 Wis., 54, 55.) These facts necessary to show a cause of action or actual breach of the covenant were not established either by the proofs made, or by those offered. The evidence received and that offered, taken together, failed to show an actual breach of the covenant or a good cause of action in favor of Frickles, the assignor of the plaintiff.

The question thus presented as to the nature of the covenant, and whether any action can be maintained upon it by the covenantee who has sustained no actual damages, came up and was decided in a recent case in the supreme court of Iowa ; and I am happy to find the views which I entertain fully sustained by the decision. *Schofield v. The Iowa Homestead Co.*, 32 Iowa, 317; *S. C.*, 7 Am. R., 197. Following the English rule (as this court has done and does in *Mecklem v. Blake*, 22 Wis., 495), and for very sufficient reasons given in its opinion, the court there held there could be no recovery by the covenantee as for breach of the covenant so far as it related to lands which he had sold and conveyed, but that the right of action had vested exclusively in his grantee. If not in very terms, this was in very principle at least denying the doctrine of nominal breach and nominal recovery, which, as I contend, cannot in reason and sound law exist where the English rule prevails. I endeavored to show on the former occasion, that it does not exist in England and elsewhere where the same rule obtains. The reasons for adopting and adhering to the English rule without deviation are to my mind as strong as they were to that of the learned judge who wrote the opinion in the Iowa case. He says : " To my mind, the position reached by this course of argument is impregnable, and I cannot be driven from it by the great weight of authorities in support of the contrary doctrine." I agree that the judgment should be affirmed.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied at the June term, 1873.