## Lumry v. Rogers et al.

*District Court of Arapahoe County, May 14, 1900—No. 30,407.*

O. A. Erdman for plaintiff. Rogers & Shafroth for defendants.

JOHNSON, J.

This is an action brought by the plaintiff against the defendants to recover damages for a breach of certain covenants contained in a warranty deed, executed and delivered by the defendants to one Henry A. Smith.

It appears that on or before the 15th day of December, 1888, the defendants were the alleged owners, by virtue of certain tax titles, of lots situated in Cottage Hill Land Company's addition in Arapahoe county; that on said date the defendants made, executed and delivered their warranty deed to one Henry A. Smith, conveying lots 60, 61, 62, 63, 64, 65 and 66. Among the covenants of the deed was the ordinary covenants of full power and lawful authority to grant, sell, bargain and convey, and that the same was free and clear from all other and former grants of whatsoever kind and nature, and that the said premises in the quiet and peaceable possession of said Henry A. Smith, his heirs and assigns against all and every person, or persons, lawfully claiming or to claim the whole or any part thereof, the said defendants would warrant and forever defend; that thereafter, on the 25th day of March, 1890, the said Henry A. Smith sold and conveyed a portion of this property to the plaintiff; that thereafter a suit was brought in the District Court by one C. Shillard Smith et al., claiming title to the property, in which the plaintiff was made a defendant, together with other parties; that this suit terminated adversely to the plaintiff, who lost title to his property so far as the judgment of the District Court is concerned, and he now brings this action to recover his damages aforesaid.

It appears from the evidence that the action brought by said C. Shillard Smith was in the nature of an action to quiet title, and he sought to obtain jurisdiction over the plaintiff by publication of summons, but which afterwards was declared void. Upon

application of the plaintiff, he was permitted to enter his appearance and defend the suit. He immediately employed counsel and gave him full power and authority to carry on the litigation. As compensation for his services, plaintiff conveyed part of this property, by quit claim deed, to third parties, for the use and benefit of his said counsel, thereby making his counsel a party in interest in the prosecution of the defense; that soon after the plaintiff, Lumry, filed his answer in said suit, and his attorney caused an instrument in writing to be drawn up in the form of a notice, requiring the defendant in this action to come in and defend. He caused a copy to be mailed to each of the defendants, who do not deny but that such notice was received by them. This notice on its face, in our judgment, is insufficient in law to fully inform the defendants of the nature of the action, in that it does not set forth that a paramount title was involved, for which the defendants were liable on their covenants. It appears, however, that thereafter one of the defendants, Mr. Rogers, became fully cognizant of the prosecution of the action, and consulted with counsel for plaintiff at divers times as to the progress of the same and as to the probability of its being defended successfully. This condition remained throughout the entire proceedings, until a final decision was made by the District Court, wherein the plaintiff, Lumry, was defeated. It further appears from the evidence that a mutual understanding existed between the counsel for plaintiff and the defendant, Mr. Rogers, that in case the decision of the District Court was adverse to the claims of the plaintiff, an appeal would be taken to the higher courts, for the reason that the same title had been lately adjudicated by the Supreme Court, where it was held to be a valid and paramount title to property similar to that in controversy; that a short time prior to the final decision of the District Court several conversations were held between counsel for the plaintiff and Mr. Rogers, looking to the preparation for appeal in case the decision was adverse to them, and in these conversations we have no doubt Mr. Rogers was led to believe, and had good reason to believe, that every opportunity would be given him and his associates necessary to perfect such appeal in case one was desired; that notwithstanding this mutual understanding, counsel for the plaintiff, immediately after the rendition of the judgment wherein a certain amount of money had been tendered to his client in payment of back taxes, etc., before the time expired for the allowance of an appeal, went into court, filed an affidavit and secured an order

withdrawing the tender, thereby placing the case in such a position that no appeal could be taken; that immediately thereafter Mr. Rogers went before the District Judge and informed him of their desire to take an appeal in the name of Mr. Lumry; but was informed that no appeal would be allowed, because he was not a party in interest on the record, and because the defendant, Mr. Lumry, through his counsel, had accepted the proceeds of the judgment, thereby cutting off all right to an appeal.

We think this conduct on the part of plaintiff, through his counsel, was an act of bad faith, and tended to prevent further litigation of this matter, so far as defendant's rights were concerned.

We understand the law to be, that where a grantor gives a warranty deed, with the covenants of the character and kind herein mentioned, and his grantee's title is attacked, when he receives proper notice of the same, it is his duty to come in and defend the action; have all the rights and benefits that belong to the grantee, in defending the same, providing all expenses of litigation are borne by the grantor. On the other hand, the grantee may, of his own volition, defend said action in his own name; but when he does so, in the eyes of the law, he prosecutes it in the interest of his grantor, and must do all in his power, legitimate and proper, to maintain his title, derived through said grantor.

In this case, we think that Mr. Lumry and his attorney, after having entered upon the defense of the former action, were bound to defend in good faith, and at all times accord to the defendants in this action, full opportunity to advise and consult with them, and take such steps as would protect their covenants of warranty in the ordinary course of litigation. Ladd v. Kuhn, 56 N. E. Rep. 671 (Ind.); Eaton v. Lyman, 26 Wis. 61.

Under the covenants in this case no demand was ever made outside of the written notice, heretofore mentioned, requesting defendants in this action to come in and defend, and we think from the relations of the plaintiff and his counsel, that after the suit was in progress the defendants were not expected to come in and defend.

We hold, therefore, that before plaintiff can take advantage of a judgment affecting his grantor upon covenants of a warranty deed as heretofore mentioned, he must fully notify his grantor that he will not litigate the matter further, and that if any further litigation is desired, it must be done by the grantor

at his own expense.

This not having been done, we are of the opinion that plaintiff is not entitled to recover in this action.

Therefore, judgment will be in favor of the defendants.