PETER RUNNELLS *vs.* DANIEL WEBBER.

*Incumbrance—right of dower. Before assignment of dower—nominal damages only recoverable.*

The right of a divorced wife to have dower assigned in the real estate of him from whom she has been divorced, is an incumbrance; but before assignment, although after demand, nominal damages only are recoverable therefor in an action of covenant broken.

ON REPORT.

COVENANT BROKEN to recover damages for a breach of a covenant against incumbrances.

The defendant executed and delivered his deed of warranty to the plaintiff, Nov. 18, 1865, when one Mary A. Webber was the lawful wife of the defendant, but did not release her right of dower in the premises conveyed by the deed.

At the October term, A. D. 1868, of the supreme judicial court, in and for this county, Mrs. Webber, on her petition and for his fault, obtained a decree of divorce from the bonds of matrimony which existed between her and the defendant. Subsequently, but before the commencement of this action, Mrs. Webber duly demanded of the plaintiff her dower in the premises conveyed to him by the defendant.

Runnells *v.* Webber.

The only question raised was whether the plaintiff was entitled to more than nominal damages; if not, judgment to be so rendered.

*W. P. Whitehouse*, for the plaintiff, contended,

The plaintiff cannot compel an assignment or procure a release of the dower. The interest is a freehold estate,—an incumbrance which the plaintiff has no power to discharge.

Whether Mrs. Webber elects to become tenant in dower, or otherwise, the real injury resulting to the estate in its market value is the same.

Outstanding mortgages the covenantee may always discharge by payment.

The ordinary rule that nominal damages only can be recovered, unless the incumbrance has been discharged, or the covenantee ousted, does not apply to easements, servitudes, and unexpired terms; such being continuous and not removable by the covenantee. *Porter* v. *Bradley*, 7 R. I. 538.

Counsel cited *Wetherbee* v. *Bennett*, 2 Allen, 428 ; *Spurr* v. *Andrews*, 6 Allen, 420; *Harlow* v. *Thomas*, 15 Pick. 66 ; *Bachelder* v. *Sturgis*, 3 Cush. 205 ; 3 Pars. on Cont. 228 ; *Grose* v. *Hennessey*, 13 Allen, 389.

The rule of damages in such cases, where the incumbrance cannot be removed, should be present worth of an annuity equal to the interest on one-third of the consideration-money received by the defendant, for the term that Mrs. Webber has a probable expectation of life. *Wager* v. *Schuyler*, 1 Wend. 553.

*S. Lancaster*, for the defendant.

KENT, J. This is an action to recover damages for a breach of a covenant against incumbrances. The incumbrance is a right to have dower assigned, existing in the divorced wife of the covenantor. It is admitted that she has such right. It is also admitted that the grantee, the plaintiff, entered into possession under his deed, and that he has not been disturbed by the wife, who has demanded dower, but has taken no other steps to enforce her right.

It is not denied that this right is an incumbrance, and that the plaintiff is entitled to recover nominal damages. The only question submitted to us is, whether he is entitled to recover any more than nominal damages, under the state of facts above recited. There is a class of cases where, in an action for breach of the covenant of warranty against incumbrances, the whole injury, past, present, and future may be recovered. There is another class where nominal damages only can be recovered. What are the grounds on which the distinction rests?

The first class of cases includes those where there is a right or interest which actually exists in or upon the estate granted, and is in fact and operation a part of it, detracting from the use or value of the possession of the estate. As an easement of a right of way over the land or a life-estate or for a term of years. These are as much an incumbrance when the deed is made as they ever are, and the amount which they actually diminish the value of the estate can be determined at once. An estate in dower for life, after assignment, would come within this class of cases.

There are other cases where the outstanding incumbrance may or may not become an incumbrance which impairs the value, by being incorporated into it, and taking away a portion of the entire estate. Such as an outstanding mortgage, or an existing right of dower unenforced. The holder of the mortgage may never enforce it, or his debt may be paid by the grantor. The widow may die before her dower is set out to her in the estate. Great injustice might be done if the grantee should recover the whole amount of the mortgage debt, and it should afterwards be collected of the grantor, or if the whole value of the life-estate of the widow should be allowed, and she should die before assignment of such estate.

There is another distinction. When the incumbrance is of such a nature that it can be computed, and the grantee can compel a release or restoration of the estate, free from the incumbrance, he cannot recover beyond nominal damages, until he has paid the debt or performed the condition. An outstanding mortgage is a good

illustration of this class of cases, where payment or removal of the incumbrance must precede recovery of more than nominal damages.

Now the right to dower in the wife may be considered as an incumbrance before the death of the husband; but only nominal damages can be recovered. *Porter* v. *Noyes*, 2 Greenl. 22.

After the death of the husband it is a mere chose in action. 1 Washb. Real Prop. 251.

The widow has no estate in the land until it is assigned. Ib. *Sheafe* v. *O'Neil*, 9 Mass. 13.

It follows that only nominal damages can be recovered in this suit. The authorities are clear and distinct on this point. Many of them are cited in the argument of the defendant's counsel. See also *Donnell* v. *Thompson*, 10 Maine, 170.

*Judgment for the plaintiff*
*for one dollar damages.*

APPLETON, C. J.; WALTON, BARROWS, and DANFORTH, JJ., concurred.