## BALCOM *v.* McQUESTEN & a.

An unexecuted license to take ice from a pond passes no title to the ice.

TRESPASS, for taking, carrying away, and converting ten loads of the plaintiff's ice from Harbor pond in Nashua. In a second count the plaintiff alleged, that for several years he has had contracts to fill an ice-house in Nashua belonging to one Swift; that in order to underbid others he purchased the ice of Harbor pond, which is the only pond in the immediate vicinity; that on the first day of December, 1886, the defendants, intending to cut ice from Harbor pond, underbid the plaintiff, and obtained the contract to fill the Swift ice-house, and afterwards cut and removed twelve hundred tons of ice from the pond for that purpose, whereby the plaintiff lost his contract and the benefits derivable therefrom, which he otherwise would have had. In a third count the plaintiff alleged, that on the first day of December, 1886, he purchased of J. M. Fletcher the license or right to go upon Harbor pond, and cut and carry away and sell for his own use and profit all the ice which was then or should be formed during that winter season upon this pond; that he made this purchase for the particular purpose of supplying one Swift with all the ice he might want for his ice-houses in Nashua the coming year; that the defendants, knowing the premises, on the 15th day of December, 1886, cut and carried away and supplied Swift from the pond all the ice he wanted to use during the year then next following, whereby the plaintiff was deprived of the benefit of his purchase, and the profits of supplying Swift with ice for the year then next following.

The defendants pleaded the general issue to the first count, and demurred to the second and third counts. Demurrer sustained, and the plaintiff excepted.

The facts were found by the court, and showed that the plaintiff's only right to take ice from the pond rested upon a license in writing from J. M. Fletcher to him.

*E. S. & H. A. Cutter*, for the plaintiff.

*Geo. B. French*, for the defendants.

BLODGETT, J. The second and third counts in the plaintiff's declaration stating no cause of action, the demurrer to them was rightly sustained; and as the plaintiff's unexecuted license from Fletcher constitutes his only title to the ice cut, carried away, and converted to their own use by the defendants, no recovery can be had under the first count, for want of title. Licenses do not pass any title until they are executed or enjoyed, and then only to the extent to which they are executed or enjoyed.

*Judgment for the defendants.*

SMITH, J., did not sit: the others concurred.