JOHN E. STREEPER, Respondent v. BERNADINA ABELN, Appellant.

St. Louis Court of Appeals, November 20, 1894.

1. **Conveyances:** COVENANT AGAINST INCUMBRANCES. The covenant against incumbrances, implied from the use of the words "grant, bargain and sell," in a conveyance of land, is broken on the delivery of the deed, if an incumbrance on the land then exists. Accordingly an eviction is not necessary to the right of action on this covenant.

2. ———: ———: MEASURE OF DAMAGES. If the release of the incumbrance can not be enforced in any forum, as in the case of a restriction as to building lines or the character of improvements, the incum-

brance is practically inextinguishable, and the measure of damages on the covenant consists of the difference in the value of the land without and with the incumbrance.

3. ———: ———: RELEVANCY OF EVIDENCE. In an action for such breach of the covenant, evidence of a real estate agent, that purchasers generally object to such restrictions, is relevant.

4. **Practice, Appellate:** NONPREJUDICIAL ERROR. Error in submitting to the jury an issue of law is not prejudicial, if the finding of the jury is in accordance with what the court should have declared as matter of law.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Clopton & Trembly* for appellant.

*John A. Gilliam* for respondent.

This action lies, since the incumbrance is inextinguishable and full damages can be recovered. *Buren v. Hubbell*, 54 Mo. App. 617–624; *Kellogg v. Malin*, 50 Mo. 496; s. c., 62 Mo. 429; *Taylor v. Heitz*, 87 Mo. 660; *Roberts v. Levy*, 3 Abb. Pr. (N. S.) 311.

ROMBAUER, P. J.—The defendant bought from the Society of the Congregation of the Mission of St. Louis a corner lot in the city of St. Louis, fronting fifty-six feet, eleven inches on St. Vincent avenue. The deed of the society to her contained the following condition subsequent: "That neither the grantee, nor anyone else claiming by, through or under him (her), shall, prior to the thirty-first day of December, A. D. 1920, construct or allow to be constructed thereon (on the lot) any dwelling to cost less than $3,000 in cash, nor locate nor erect such dwelling nearer than fifteen feet to the line of the street on which such dwelling fronts. In the event that any of the foregoing exceptions or

conditions shall be violated or broken by the said party of the second part, or any person claiming by, through or under her, then the estate heretofore granted and conveyed shall immediately end, and the title to the property aforesaid, and right of immediate entry therein and possession thereof, shall forthwith revert to the said grantor, and to its successors and assigns."

The defendant subsequently conveyed to the plaintiff the same lot by deed, containing the express statutory covenants attached to the use of the words "grant, bargain and sell," which were not restrained by any other words used in the deed, as far as the above incumbrance is concerned. The deed was upon a consideration of $2,333.60, paid by the plaintiff to the defendant.

The plaintiff had no actual notice of the incumbrance. On ascertaining the condition in the first deed, he sought to purchase from the society a release of the condition, but the society refused to release it on any terms. The plaintiff thereupon brought the present action to recover damages from the defendant for breach of the statutory covenant against incumbrances, and, upon the trial of the cause before a jury, recovered a verdict of $400. From a judgment entered on this verdict, the defendant appeals.

The errors assigned are, that the plaintiff could not recover, or, at most, could recover nominal damages only, not having suffered any eviction; that the court admitted illegal evidence against the defendant's objection, and ruled out proper evidence offered by her; and that it misdirected the jury in its instructions as to the legal effect of the condition, and plaintiff's measure of damages for breach of the covenant against incumbrances.

The first assignment is based on a misconception of the legal effect of the covenant sued upon. The

covenant is one against incumbrances, and not a covenant of warranty against incumbrances. The plaintiff's right of action accrued upon the delivery of the deed to him. If the incumbrance was extinguishable, plaintiff could have paid it at once and could have recovered the reasonable amount paid in so doing, regardless of the value of the land or amount of the purchase money. *Henderson v. Henderson*, 13 Mo. 153; *Walker's Adm'r, v. Deaver*, 79 Mo. 664. The plaintiff tried to do so, but failed, the grantor of the defendant refusing to release the incumbrance. As the incumbrance was not one the release of which the plaintiff could have compelled in any *forum*, the incumbrance became for all practical purposes inextinguishable. In such cases the plaintiff's measure of damages is the injury arising to him from the continuance of the incumbrance, or, in other words, the difference in the value of the land with and without the incumbrance. *Kellogg v. Malin*, 62 Mo. 429.

The evidence admitted, of which the defendant complains, was the testimony of a real estate agent, that purchasers generally object to restrictions as to the value of buildings to be erected, and restrictions as to building lines. We deem such evidence proper in corroboration of testimony that the market value of property is affected by such restrictions, and was materially affected in this case. On cross-examination of the witness he was asked how the restriction as to building line would affect the value if a store building was erected on the corner, and the upper stories to be used for dwelling purposes were built back fifteen feet. As there was no evidence in the case that the plaintiff either intended to erect such a building, or that it is usual to erect buildings in such shape, the question was a mere matter of irrelevant speculation, and was properly ruled out.

The evidence offered placed the damages caused by the incumbrance at figures varying from ten to thirty per cent. of an unincumbered lot. As the purchase price was $2,333.60, the maximum of the damage shown was $700, and the minimum $233.36.

Witnesses testifying as to the decrease of value caused by the incumbrance per front foot, placed it at $5 to $10 per front foot, which would be from $275 to $570. The finding of the jury was $400. There was evidence adduced on part of the defendant tending to show that restrictions of that character are rather of benefit than injury to property to be used *exclusively* for residence purposes, but, since this was a corner lot, and as such fitted for a mixed use of residence and business, the jury were fully warranted under all the evidence in finding the damages to the extent of the verdict. The amount of the finding indicates neither prejudice on their part, nor that they were misled by the court's instructions in regard to the elements going to make up the plaintiff's damages.

The complaint that the instructions were erroneous and prejudicial to the defendant is untenable. The defendant complains that the court submitted to the jury for their finding the legal effect of the clause containing the condition subsequent. Conceding this to be so, how can the defendant complain that the jury were required to find a fact, when it was the duty of the court to instruct them that such fact existed. The condition was an incumbrance as a matter of law. It was an inextinguishable incumbrance under the uncontroverted facts; and the submission of the question to the jury, whether or not it was such incumbrance, would have constituted error prejudicial to the plaintiff, had not plaintiff himself asked the instructions.

All the judges concurring, the judgment is affirmed.