REYSEN, Appellant, vs. ROATE, Respondent.

92    543
59 LRA 853n

*February 20 — March 10, 1896.*

*Trespass: Removal of ice from millpond: Rights of lessee of water power.*

1. The lessee of a mill and of the water power and rights of flowage appurtenant thereto, who is not a riparian proprietor on the millpond nor the owner in fee of the bed of the pond, cannot maintain trespass against one who entered upon the pond when frozen, placed timbers thereon, and cut and removed ice therefrom, but did not thereby interfere with the lessee's right of flowage or lessen his water supply.

2. Ice which forms on streams or ponds the bed of which is the subject of private ownership belongs to the owner of such bed, and he may maintain trespass for its removal.

APPEAL from a judgment of the circuit court for Sheboygan county: N. S. GILSON, Circuit Judge. *Affirmed.*

*M. C. Mead,* for the appellant.

For the respondent the cause was submitted on the brief of *J. H. James,* attorney, and *A. C. Prescott,* of counsel. To the point that ice formed on artificial ponds and nonnavigable streams belongs to the owner of the soil under the water, they cited Gould, Waters, § 191; 3 Lawson, Rights, Rem. & Pr. § 1345; 9 Am. & Eng. Ency. of Law, 860, and notes 3, 4; id. 862; Anderson, Law Dict. 519, 520; *Bigelow v. Shaw,* 65 Mich. 341; *Brown v. Cunningham,* 82 Iowa, 512; *Allen v. Weber,* 80 Wis. 531.

WINSLOW, J. The plaintiff was the lessee of a mill on the Sheboygan river, and of the water power and the rights of flowage appurtenant thereto; but was not a riparian proprietor on the millpond, nor the owner in fee of the bed of the pond. The defendant entered upon the pond when frozen, and placed timbers thereon, and cut and removed ice therefrom, but did not thereby interfere with the plaintiff's right of flowage or lessen his water supply. Can the plaint-

iff maintain trespass? The circuit court held that the action could not be maintained by the plaintiff, and we are satisfied that the judgment is right. It is settled in this state that the title to the bed of a stream is in the riparian owners, whether the stream be navigable or not. *Olson v. Merrill,* 42 Wis. 203. Ice which forms on streams or ponds the bed of which is the subject of private ownership belongs to the owner of such bed, and such owner may maintain trespass for its removal. Gould, Waters, § 191, and authorities cited; *Bigelow v. Shaw,* 65 Mich. 341. The appellant neither owned the bed of the pond, nor did the removal of the ice in any way lessen his water supply or interfere with his rights of flowage. Therefore it is plain that he had no right of action therefor.

*By the Court.*— Judgment affirmed.