ABBOTT, Respondent, vs. CREMER and another, Appellants.

*May 29—June 18, 1903.*

*Waters and watercourses: Ice formed on mill pond: Ownership:*
*Rights of lessee of water power in ice: Justices' courts: Plea*
*of title to real estate: Failure to give bond: Presumptions.*

1. The title to the beds of streams, and the title to ice forming on
   mill ponds created therein, is in the riparian owner.
2. Plaintiff brought an action to recover damages for taking ice
   which he claimed to own. He asserted no other right or in-
   terest than that secured from the lessee of a mill, and water
   power appurtenant thereto on which the ice had formed. The
   lessee had no interest in the ice except his rights as lessee of
   the mill and water power and to the flow of water. *Held,* that
   thereby the lessee acquired no right or title to the soil under
   the pond, nor any interest in the ice formed of the water of the
   pond, and that any right or privilege obtained from such lessee
   by plaintiff to cut the ice in question, conveyed no right to
   plaintiff superior to the right of any other person trespassing
   thereon.
3. In such case, plaintiff had cleaned or scraped off the ice, and
   examined it preparatory to cutting it, when defendants cut the
   ice in question, under permission from the riparian owners.
   *Held,* that the acts of plaintiff were not sufficient to constitute
   a legal appropriation of the ice, and that the ice was in the
   actual possession of the riparian owners when defendants took
   possession.
4. Plaintiff brought an action to recover damages for taking ice
   which he claimed to own. He asserted no other right or in-
   terest than that secured from the lessee of a mill, and water

power appurtenant thereto on which the ice was formed, the lessee having no right or title to the soil under the pond, and hence none to the ice. *Held*, that if plaintiff had any right to the ice, it was because he had appropriated it and reduced it to possession, making it personal property, and it was therefore error to hold that, since defendant had failed to give the bond required by sec. 3620, Stats. 1898, it must be presumed that plaintiff had title to and possession of the ice.

APPEAL from a judgment of the circuit court for Monroe county: J. J. FRUIT, Circuit Judge. *Reversed.*

This is an action to recover damages for taking ice which plaintiff claims he owned and possessed as purchaser from the lessee of the mill appurtenant to the land and ice pond. It appears that William Vogel was lessee of the mill property in question; that plaintiff sought to purchase the exclusive right to cut the ice on the mill pond, and that the lessee of the mill gave him the privilege to cut whatever ice he needed; that under this arrangement plaintiff cleaned off and examined a portion of the ice preparatory to cutting it; that defendants cut some of the ice which plaintiff had thus sought to appropriate under permission given them by the lessee and Mrs. Vogel, lessee's mother, who claimed to act for the tenants in common of the land and the mill pond. The case was tried in justice court before a jury, which rendered a verdict for the plaintiff awarding him $10 damages. Judgment was entered for this amount, with costs. Upon appeal to the circuit court this judgment was affirmed upon the record.

For the appellants there was a brief by *Doherty & Baldwin,* and oral argument by *C. L. Baldwin.*

*J. P. Sullivan,* for the respondent.

SIEBECKER, J. The ice field in controversy was located on land covered by a mill pond owned by Mrs. Vogel and her children as heirs of the deceased husband and father. The testimony tends to show that William F. Vogel was lessee of the mill and the water power appurtenant thereto, but

nothing appears to show that he had any other interest in the mill property or in the land upon which the mill pond is situated. Plaintiff asserts no other right or interest to this ice bed other than the right secured from the lessee of the mill property. It is the settled law in this state that the title to the beds of streams is vested in the riparian owners. *Olson v. Merrill,* 42 Wis. 203; *Reysen v. Roate,* 92 Wis. 543, 66 N. W. 599. It is also established that the title to ice forming on ponds is in the person owning the soil. *Reysen v. Roate, supra.* Nothing appears in the case to show that the lessee, Vogel, had any interest in the ice bed except his rights as lessee of the mill and water power and to the flow of water. This gave him no right or title to the soil under the pond, nor any interest or right to the ice formed of the water in the pond. Any right or privilege obtained from him by the plaintiff to cut the ice in question conveyed no right to nor interest therein superior to the right of any other person trespassing thereon. Under the circumstances the conduct of plaintiff in attempting to appropriate the ice by cleaning and examining it preparatory to harvesting vested no right or interest in him. Can it be held that he had lawful possession as against the defendant? As indicated, he was not in possession as owner, nor was he, under the privilege given him by the lessee, in possession as licensee. True, he had cleaned or scraped off the ice, and examined it for the purposes indicated; but, since these acts were done by him without any right or authority, they are not sufficient to constitute a legal appropriation of the ice. Under the facts of the case the ice was in the actual possession of the owners of the soil at the time defendants took possession. *Reysen v. Roate, supra; Balcom v. McQuesten,* 65 N. H. 81, 17 Atl. 638; *Bigelow v. Shaw,* 65 Mich. 342, 32 N. W. 800; *Becker v. Hall,* 116 Iowa, 589, 88 N. W. 324. Construing the evidence in the case in the most favorable light to plaintiff, no grounds are established upon which he can recover against the defendants.

Upon appeal the circuit judge held that the issues involved title to land, and, since defendants failed to give the bond required by sec. 3620, Stats. 1898, it must be presumed that plaintiff had title to and possession of the ice. For the reasons above stated, no such issues were properly presented by the record. If the plaintiff had any right to the ice, it could only arise upon the ground that he had appropriated and reduced it to his possession, making it personal property. His acts to this end do not furnish a ground for an appropriation and possession of the ice, hence no title to real estate was raised by the issues. It therefore is a proper case to be tried upon the record on appeal, and judgment should be awarded according to the weight of the evidence and the justice of the cause. This error in procedure by the circuit court necessitates a reversal of the judgment.

*By the Court.*—Judgment reversed, and cause remanded, with directions to reverse the judgment of the justice and render judgment dismissing plaintiff's complaint.