[No. 8224.  Department One.  January 21, 1910.]

## BERT R. WILLIAMS *et al.*, *Respondents*, v. L. ELLA HEWITT, *Appellant*.[1]

COVENANTS—INCUMBRANCES—BUILDING RESTRICTION.  A building restriction in the chain of title, whereby the grantor in a warranty deed was prohibited from erecting certain kinds of buildings after ten years or building within a certain distance of the street, constitutes a breach of a covenant against incumbrances; and a right of action accrues immediately before assertion of any right under the restriction.

COVENANTS — AGAINST INCUMBRANCES—DAMAGES—ASCERTAINMENT —MEASURE.  It cannot be objected that damages for breach of covenant against incumbrances by reason of building restrictions are not susceptible of ascertainment with mathematical accuracy, the measure of damages being the diminished value of the land.

SAME—NOTICE OF INCUMBRANCE—EFFECT.  A covenant against incumbrances protects against a building restriction in the chain of title of which the grantee had notice by record, as it covers known as well as unknown defects.

SAME—DAMAGES—EVIDENCE OF VALUE—ADMISSIBILITY.  In an action for breach of covenant against incumbrances, evidence of the loss of a sale of the property by reason of the incumbrance is inadmissible to show the diminished value of the property.

APPEAL—REVIEW—HARMLESS ERROR—EVIDENCE.  In an action tried by the court without a jury, the admission of erroneous evidence is harmless, where the lower court doubted its admissibility and there was other competent evidence to establish the fact.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered March 25, 1909, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action for damages for breach of warranty of title.  Affirmed.

*James Kiefer*, for appellant.

*Smith & Cole*, for respondents.

GOSE, J.—In 1906 the appellant conveyed to the respondent a lot in the city of Seattle, by a statutory warranty deed.

[1]Reported in 106 Pac. 496.

There is a restrictive clause in the conveyance to the appellant's immediate grantor, which provides, in substance, that the grantee, her heirs and assigns, for the period of ten years from October 4, 1906, shall not erect any flat, building, or tenement house on the premises, and that there shall not be any residence or other dwelling house erected thereon nearer to the street than are the two residences now on either side of the lot. This clause is not contained in the respondent's deed. The respondent treated the clause as an incumbrance, and commenced the action to recover damages, alleging that it depreciates the value of the property to the extent of $1,000. The case was tried to the court, and a judgment entered in his favor for the sum of $500. The defendant has appealed.

It is first contended that the clause should be treated as surplusage, or as a condition subsequent, and not as an incumbrance. We think the clause is an incumbrance.

"Any right existing in another to use the land, or whereby the use of the owner is restricted, is an incumbrance." *Wetmore v. Bruce*, 118 N. Y. 319, 23 N. E. 303.

"If the right or interest of the third person is such that the owner of the servient estate has not so complete and absolute an ownership and property in his land as he would have if the right or interest spoken of did not exist, his land is, in law, diminished in value and incumbered." *Mackey v. Harmon*, 34 Minn. 168, 24 N. W. 702.

"A building restriction constitutes an incumbrance upon the title, and its imposition is a breach of the covenant against incumbrances." 5 Am. & Eng. Ency. Law (2d ed.), 6.

See, also, *Streeper v. Abeln*, 59 Mo. App. 485.

It is further urged that no damages arise until some right is asserted under the restrictive clause, and that the evidence does not show that any right has been claimed. *Leddy v. Enos*, 6 Wash. 247, 33 Pac. 508, 34 Pac. 665, is cited in support of this contention. In that case it was held that, under the terms of a deed which was not a statutory warranty, the covenant was one for quiet enjoyment, and that

the grantee could not pay taxes and maintain an action on the covenant before a right to enforce payment was asserted. Restrictive clauses of this nature are valid and enforcible in equity. 5 Am. & Eng. Ency. Law (2d ed.), 7, 9. Our code (Rem. & Bal.) § 8747, provides that a statutory warranty deed shall be deemed and held a conveyance in fee simple, with covenants (1) that at the time of the making and delivery of the deed the grantor was lawfully seized of an indefeasible estate in fee simple, (2) that the premises were then free of incumbrances, and (3) that the grantor warrants to the grantee, his heirs and assigns, the peaceable possession of the premises. The contention that the respondents' right of action did not accrue until there was an assertion of right under the clause is not tenable. The very nature of the clause is such that no right could be asserted under it by a third party until the respondent or his successor in title did some act violative of the restriction. Where a right or interest exists in or upon the estate granted, and is in fact a part of it, detracting from the use, value, or possession of the estate, such as an easement, the incumbrance exists when the deed is made, and the amount which it diminishes the value of the estate may be determined at once. *Runnells v. Webber*, 59 Me. 488; *West Coast Mfg. & Inv. Co. v. West Coast Imp. Co.*, 25 Wash. 627, 66 Pac. 97, 62 L. R. A. 763. Where the incumbrance consists of taxes or a mortgage, or is of such a nature that it can be computed, and the grantee can compel a release, he cannot recover beyond nominal damages until he has paid the debt.

The point is made that, if the clause is an incumbrance, the damages are not susceptible of ascertainment, and that there can be no recovery. This contention is equally without merit. It is obvious that relief cannot be denied because the action is of such a nature that the extent of the liability cannot be determined with mathematical accuracy. The rule contended for would result in an exemption from liability in all cases of unliquidated damages. The case in this respect is analogous

to a condemnation for a street or for a right of way for a railroad. In the former case the measure of damages is the difference in value in the property before and after the taking, less the benefits to the part remaining. In the latter case the rule is the same, except that no deduction is allowed for benefits. In the case at bar the measure of damages is the difference in the value of the property with and without the restrictive clause, if the value of the property is diminished by the presence of the clause in the chain of title. This view is supported by the following cases: *Streeper v. Abeln, Mackey v. Harmon,* and *Runnells v. Webber, supra; Harrington v. Murphy,* 109 Mass. 299; *Batchelder v. Sturgis,* 3 Cush. 201; 11 Cyc. 1166-7; and, in principle, by *Walsh v. Meyer,* 40 Wash. 650, 82 Pac. 938.

It is also contended that there can be no recovery because the deed containing the restrictive clause was of record at the time of the execution and delivery of the respondent's deed; that he had constructive notice, and that the warranty does not include a known incumbrance. This rule has been adopted by some courts where the incumbrance was an easement in the property, such as a public highway, a driveway, or a canal, which was open and visible and of a continuous character at the time of the passing of the title. We are not called upon to determine what the rule would be in such cases. In *West Coast Mfg. & Inv. Co. v. West Coast Imp. Co., supra,* it was held that, where the grantor conveys land by metes and bounds with full covenants of warranty, he is bound by his covenant as to the whole tract, although a portion of it was plainly and notoriously tide land claimed by the state. In *Barlow v. Delaney,* 40 Fed. 97, it was contended that the covenants in the deed were not broken by an incumbrance disclosed by the public records, the precise point urged here. In discussing this question, the court, speaking through Judge Brewer, said:

"The very purpose of the covenant is protection against defects; and to hold that one can be protected only against

5—57 WASH.

unknown defects would be to rob the covenant of more than one-half its value, besides destroying the force of its language. If from the force of a covenant it is desired to eliminate known defects, or to limit the covenant in any way, it is easy to say so. General in its language it reaches to all defects within its terms, known or unknown."

See, also, *O'Connor v. Enos*, 56 Wash. 448, 105 Pac. 1039. We deem the logic of this view controlling in this case.

The respondent was permitted to testify that he had a tentative contract for the sale of the property upon which earnest money to the extent of $400 had been paid, and that the title was rejected and the money returned on account of the restrictive clause. This testimony was corroborated by the purchaser. The admission of this testimony is assigned as error, and it is further contended that the judgment is not supported by the evidence. These questions will receive attention in the order stated.

The courts have unanimously condemned this character of testimony, on the ground that it is too uncertain, speculative, and unreliable to form any basis for determining value. As was said in *Sharp v. United States*, 191 U. S. 341, 349, in discussing the admissibility of such evidence:

"In our judgment they do not tend to show value, and they are unsatisfactory, easy of fabrication and even dangerous in their character as evidence upon this subject."

The same view was announced by this court. *Parke v. Seattle*, 8 Wash. 78, 35 Pac. 594; *Chicago, M. & St. P. R. Co. v. Alexander*, 47 Wash. 131, 91 Pac. 626. The testimony should have been rejected. Indeed, the learned trial court expressed a doubt as to its materiality and admissibility. The error, however, was harmless. There is abundant competent evidence tending to show that the property was damaged from eighteen to twenty-five per cent, or to the extent of $1,000 or $1,500. It is true that there is a conflict upon this issue. The practical, common sense view, however, is that a clause in a chain of title which limits the

use or the manner of use of the property would ordinarily diminish its market value.

We are of the opinion that the judgment is supported by the evidence, and it is affirmed.

RUDKIN, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., concur.