[No. 9828.   Department Two.   December 26, 1911.]

NORTH COAST RAILROAD COMPANY, *Respondent*, v.
MARY V. NEWMAN et al., *Appellants*.[1]

EMINENT DOMAIN—EVIDENCE—VALUE OF PROPERTY—OFFERS.   In
eminent domain proceedings, upon an issue as to the value of the
property, it is not admissible for the defendant to show offers made
for the land.

SAME.   In eminent domain proceedings, evidence of offers for
the land is not made admissible on redirect examination by the fact
that on cross-examination a witness had volunteered a statement as
to offers which was struck out as not responsive to the question.

Appeal by defendants from a judgment of the superior
court for Spokane county, Sullivan, J., entered December 17,
1910, upon the verdict of a jury, awarding damages in con-
demnation proceedings.   Affirmed.

*W. C. Jones*, for appellants.

*Danson & Williams* (*George D. Lantz*, of counsel), for
respondent.

MORRIS, J.—This was a proceeding to condemn land for
railroad purposes.   The errors assigned grow out of the
refusal of the court to permit appellants' witnesses to tes-
tify as to offers made for the purchase of lots.   It has been
settled in this court that, in proceedings of this character,
such evidence is not admissible to prove value.   *Parke v.
Seattle*, 8 Wash. 78, 35 Pac. 594; *Chicago, M. & St. P. R.
Co. v. Alexander*, 47 Wash. 131, 91 Pac. 626; *Williams v.
Hewitt*, 57 Wash. 62, 106 Pac. 496, 135 Am. St. 971.

Appellants contend that this evidence was admissible on
redirect examination, because of the character of the cross-
examination of appellants' witnesses.   Such cross-examina-
tion is too lengthy to set out here.   We can, however, find
nothing in it to sustain appellants' contention.   It is un-

[1]Reported in 119 Pac. 823.

questioned that, where matter inadmissible in the first instance is brought out by the cross-examination, the door is opened for an examination as to such matter on the redirect. Such, however, is not the situation here.

A witness for appellants had testified the value of inside lots to be $850. On cross-examination he was asked:

"Q. Now, I understand you to say that these lots inside are worth, in your opinion, $850? A. Yes, sir. Q. Well, that means when you sell them to the railroad, don't it? A. No, sir. I was offered $800 for mine across the street and I refused."

This answer was stricken on motion of respondent. It is apparent it was not responsive to the question, and a volunteer statement by the witness, and as such properly stricken. As before stated, there was nothing to justify the admission of this offer as evidence of the value of the lots.

Some complaint is made in the briefs that respondent's value witnesses were not shown to be competent. There is no merit in this contention.

Finding no error, the judgment is sustained.

CROW, ELLIS, and CHADWICK, JJ., concur.