[No. 11225.  Department Two.  September 26, 1913.]

## J. J. PETERS et al., Respondents, v. A. McPHADDEN et al., Appellants.[1]

EVIDENCE—REMOTENESS—ADMISSIBILITY. Upon an issue as to the value of corporate stock in 1909, it is inadmissible to prove that in 1912 a trust company holding a mortgage upon the property of the corporation had instructed its attorney to foreclose the mortgage.

CORPORATIONS—SOLVENCY—EVIDENCE—ADMISSIBILITY. A notice to creditors given by a referee in bankruptcy, reciting that a corporation had been adjudged a bankrupt in September, 1911, is incompetent to prove the insolvency of the corporation in 1909.

JUDGMENT—EVIDENCE—ADJUDICATION OF BANKRUPTCY. An adjudication of bankruptcy cannot be proved by a notice to creditors given by the referee in the bankruptcy proceedings.

EVIDENCE—COMPETENCY—MARKET VALUES. While the market value of shares of corporate stock may be proved by market reports and tables of current prices, copies of newspapers containing advertisements of brokers having the stock for sale at stated prices are incompetent.

Appeal from a judgment of the superior court for Spokane county, Hinkle, J., entered April 30, 1912, upon the verdict

[1]Reported in 135 Pac. 26.

of a jury rendered in favor of the plaintiffs, in an action for rescission. Reversed.

O. C. Moore, for appellants.

John T. Mulligan, Neil C. Bardsley, and H. N. Martin, for respondents.

MORRIS, J.—This is an action to rescind a contract on the ground of fraud and deceit. The contract in issue was one whereby respondents exchanged a $10,000 mortgage upon lands in Grant county for 50,000 shares of the capital stock of the Washington Steel & Bolt Company, of the par value of $1 each.

The fraud complained of consisted of alleged false representations as to the condition of the corporation, property owned by it, the character of the business that was transacted, and the value of the stock. It was also sought, in case it should appear that the mortgage had passed beyond the control of the appellants, that judgment be entered for its value. Issue being joined, a jury was demanded by respondents, and upon the trial a verdict was returned in their favor for $10,000, plus two years' interest at eight per cent, upon which judgment was entered; and defendants have appealed.

Many errors are assigned, some of which we find well taken, and to those we will confine our attention.

The Washington Trust Company, of Spokane, was acting as trustee for a bond issue of the Washington Steel & Bolt Company, and for this purpose held a trust deed or mortgage upon the property of the company. R. J. Danson, attorney for the trust company, was permitted to testify that, about two weeks prior to April 20th, 1912, a resolution had been adopted by the officials of the trust company directing his firm to institute proceedings to foreclose this mortgage. This was error. The transaction complained of took place in August, 1909. Many intervening causes might have affected the value of the bonds and the property of the bolt company

between August, 1909, and April, 1912, which might have induced the trust company to take the action it did; and if its action could be proved in the manner it was attempted, which we seriously doubt, it was inadmissible and improper upon the issue to be submitted to the jury—the value of the stock in 1909. *McNicol v. Collins*, 30 Wash. 318, 70 Pac. 753.

Respondents were permitted to offer in evidence a notice to creditors signed by John P. Hoyt, referee in bankruptcy, reciting that, on September 16th, 1911, the Washington Steel & Bolt Company was adjudged a bankrupt and that a meeting of the creditors would be held in the office of the referee on March 26th, 1912, at which time creditors might appear for the purpose of proving claims and selecting a trustee in bankruptcy. It was proved that John P. Hoyt was referee in bankruptcy, and that the signature to the notice was his. This however, did not make the evidence competent. What was sought to be proved was the fact of bankruptcy in September, 1911. If this was competent, which we doubt for the reasons given in discussing the previous ruling, it could only be proved as any other adjudication of a court of record is proved. A notice to creditors such as was offered may be a necessary step in administering upon a bankrupt estate, but it does not establish bankruptcy.

Two brokers testified that, in March, April and May, 1910, stock of the Washington Steel & Bolt Company had been listed with them for sale at from five to ten cents per share; and in this connection, copies of newspapers containing advertisements of brokers having this stock for sale and the price at which it was offered, were received in evidence. This we think was error. *Chicago, Milwaukee & P. S. R. Co. v. True*, 62 Wash. 646, 114 Pac. 515; *North Coast R. Co. v. Newman*, 66 Wash. 374, 119 Pac. 823. It is competent to prove the value of stock by market reports, and many authorities hold that, for this purpose, market reports and tables of current prices as published in newspapers are admissible, but we hardly think any case has gone as far as to hold that the value of

stock may be proved by offering in evidence newspapers containing offers of sale by brokers. These errors are sufficient to require a new trial. It is not necessary to further consider the case.

The judgment is reversed and the cause remanded for a new trial.

CROW, C. J., MAIN, and ELLIS, JJ., concur.