GADOW and wife, Respondents, vs. HUNHOLZ, Appellant.

*March 2—March 23, 1915.*

*Vendor and purchaser of land: Deeds: Covenant against incum-
    brances: Breach: Right of another to cut ice: Eviction: Measure
    of damages.*

1.  A covenant against incumbrances in a conveyance of mill prop-
    erty including the bed of the mill pond was breached where the
    premises were subject to another person's right to harvest ice
    thereon and to the burden of maintaining the water at a certain
    height during the ice-cutting season.
2.  Such right in another person, in the nature of an easement, con-
    stitutes an interest in the land in diminution of the fee title
    which the deed purported to convey; and the hostile assertion
    of such right amounts to an eviction, entitling the grantee to
    maintain at once an action for breach of the covenant, the meas-
    ure of his damages being the difference between the market
    value, at the time of the conveyance, of the premises subject to
    such incumbrance and their market value without the incum-
    brance.

APPEAL from a judgment of the circuit court for Milwau-
kee county: J. C. LUDWIG, Circuit Judge.    *Affirmed.*

    This is an action to recover damages for breach of a cove-
nant against incumbrances contained in a deed from defend-
ant to plaintiffs.

    On December 24, 1904, the defendant and his wife (who
joined to release her dower) conveyed by deed to the plaintiffs
certain premises owned by them.    The deed contains the cove-
nant "that at the time of the ensealing and delivery of these

presents . . . the same [premises] are free and clear from all incumbrances whatever." The defendant had obtained these premises from one Suckow and wife, who in turn had acquired them from one Henry Meyer, Jr. and wife. In this deed from Henry Meyer, Jr. and wife to Suckow and wife there appeared the following reservation:

"The parties of the first part reserve the perpetual and exclusive privilege of harvesting, cutting, and raising ice on said premises, which right they reserve to themselves, their heirs and assigns. In case of the dam of the mill property as described above should wash away before ice cutting is commenced, it is hereby agreed that no damages can be collected by said first party against the said second party. The party of the second part agrees further to maintain the water during the ice-cutting season as high as the fall of the dam. This agreement binds the heirs and assigns of the respective parties."

The deed containing the above reservation was recorded in the office of the register of deeds of Washington county June 7, 1894. The rights and privileges so reserved by Henry Meyer, Jr. and wife were conveyed by deed to one Foster and by his deed to the Ozaukee Ice Company, and ultimately by several deeds the Wisconsin Lakes Ice & Cartage Company in December, 1898, became and now is the owner thereof. Two letters of the Wisconsin Ice & Cartage Company giving permission to others to cut and take the ice were admitted as evidence, although they were written prior to the time the property was deeded to the plaintiffs.

It appears that some people from that community did cut ice and haul ice away after plaintiffs took possession under their deed. The plaintiffs have never been called upon to keep the water up to a certain level according to the rights of the reservation. Plaintiffs made several attempts to buy this reservation from the Wisconsin Lakes Ice & Cartage Company, but the latter refused to sell.

The circuit court submitted two questions to the jury which

in substance were: (1) What was the value of the premises at the time plaintiffs purchased them with the incumbrances thereon created by the deed of Henry Meyer and wife to Suckow? and (2) What was the value of the premises at this time without the incumbrances? The jury found that the premises were $1,500 less in value with the incumbrance than when freed therefrom at the time of sale. Defendant's motion to set aside the verdict and for a new trial was denied. The court awarded judgment for the plaintiffs for the difference in the values, as found by the jury, namely, $1,500. From such judgment this appeal is taken.

*Samuel M. Field,* for the appellant.

For the respondents there was a brief by *Lorenz & Lorenz,* attorneys, and *Rowan, Kalaher & Stoecker,* of counsel, and oral argument by *F. J. Rowan.*

SIEBECKER, J. The trial court submitted to the jury only the question of damages. This necessarily implies that the court held that all other questions presented on the trial of the case involved propositions of law to be determined by the court. There is no dispute as to the reservation in the Meyer deed. The reservation is: ". . . the perpetual and exclusive privilege of harvesting, cutting, and raising ice on said premises," and connected with this is the burden ". . . to maintain the water during the ice-cutting season as high as the fall of the dam." There is no controversy but that this reservation is in breach of the covenants of the deed by which the defendant conveyed the premises to plaintiffs, that "they [grantors] are well seised of the premises above described, as of a good, sure, perfect, absolute, and indefeasible estate of inheritance in the law in fee simple and that the same are free and clear from all incumbrances whatever, and that the above bargained premises in the quiet and peaceable possession of . . ." the plaintiffs, etc., "they will forever warrant and defend." The situation thus presented shows that the

plaintiffs' title is incumbered and burdened as shown by the reservation and constitutes a breach of the covenant that the fee title is free and clear from all incumbrances.   This right to harvest ice and the burden of maintaining the water during the ice-harvest season is a right and an interest in the land in diminution of the fee title which passed by the defendant's deed to the plaintiffs.   It is recognized that the title to ice formed on streams and ponds and which is subject to private ownership belongs to the owner of the bed.   *Reysen v. Roate,* 92 Wis. 543, 66 N. W. 599; *Abbott v. Cremer,* 118 Wis. 377, 95 N. W. 387.   The grant of a privilege to cut and harvest ice is therefore a grant of an interest conveyed which constitutes an incumbrance, and hence breaches the covenant in a deed conveying the premises in fee simple free and clear from all incumbrances.   *Weiss v. Binnian,* 178 Ill. 241, 52 N. E. 969.

Defendant's contention that the court erred in awarding recovery of the damages found by the jury rests on the proposition that only nominal damages are recoverable for such a breach of the covenant against incumbrances occurring immediately upon delivery of the deed, and that substantial damages do not accrue until the grantee has either paid for the removal or extinguishment of the incumbrance or has been actually ousted from the premises conveyed.   Reliance for this contention is placed, among others, on the cases of *Mecklem v. Blake,* 22 Wis. 495; *Eaton v. Lyman,* 30 Wis. 41; *McLennan v. Prentice,* 85 Wis. 427, 55 N. W. 764; and *Estate of Hanlin,* 133 Wis. 140, 113 N. W. 411.   The basis for the claim for the recovery of nominal damages is as declared in *Eaton v. Lyman, supra,* ". . . that a covenant against incumbrances is broken if the land at the time of the conveyance is subject to an incumbrance not excepted in the deed, and that the covenantee may maintain an action for the breach, but can recover only nominal damages, unless it appears that he has sustained an actual injury."   The in-

quiry is, What injury have the plaintiffs suffered? It is quite clear that they have suffered more than a nominal breach of the covenant against incumbrances. The record shows that the Wisconsin Lakes Ice & Cartage Company own the interest reserved by the deed of Henry Meyer, Jr., amounting to a "perpetual and exclusive privilege of harvesting, cutting, and raising ice on the said premises," and connected therewith the burden of maintaining the water during the ice-harvest season at the full height of the dam. This right so carved out of the fee title is a valuable one. The present owners refuse to relinquish it and have asserted it hostilely to plaintiffs' fee title, which defendant by his deed to the plaintiffs covenanted to convey free from incumbrances. This hostile assertion of the rights to the ice and the consequent right to enter on the plaintiffs' premises to harvest it operates to deprive the plaintiffs of the fee title free from all interference and amounts to an eviction from enjoying the title and possession of the premises pursuant to the covenants of the deed, and is an actual and substantial injury to them. The right reserved is in its nature and kind a grant to take something which is a part of the soil or a product thereof and is denominated a right in the nature of an easement. *Walker Ice Co. v. American S. & W. Co.* 185 Mass. 463, 70 N. E. 937; 14 Cyc. 1142; "Profits à Prendre," 6 Words & Phrases, 5666; *Kennedy S. & C. Co. v. Sloss S. S. & I. Co.* 137 Ala. 401, 34 South. 372; 2 Washb. Real Prop. (6th ed.) § 1227. The facts and circumstances show that the fee to the premises conveyed is subject to the right of cutting ice, that this right is asserted as a hostile one to plaintiff's rights and injuriously affects the title which defendant covenanted to convey, and naturally permanently diminishes the value of the estate which defendant purported to convey to plaintiffs. Under such circumstances the covenantee may bring his action immediately on breach of the covenant in the deed and recover compensation for the actual injury sustained by him. *Smith*

*v. Davis,* 44 Kan. 362, 24 Pac. 428; *Williams v. Hewitt,* 57 Wash. 62, 106 Pac. 496; *Geiszler v. De Graaf,* 166 N. Y. 339, 59 N. E. 993. The circuit court properly held that the facts established a breach of the covenant against incumbrances, that the nature of the incumbrance showed that it diminished the value of the estate which defendant purported to convey to plaintiffs, and that the damage consisted in the difference, if any, of the market value of the estate conveyed by the deed with the existing incumbrance at the time of conveyance and the market value thereof without such incumbrance. This question was submitted to the jury, who found that such difference amounted to the sum of $1,500. They found the market value of the property free from the incumbrance to be $15,000, which was the amount the plaintiffs paid the defendant as purchase price. The court awarded judgment for the recovery of $1,500 as damages for breach of the covenant in the defendant's deed of conveyance.

*By the Court.*—The judgment appealed from is affirmed.