ESTATE OF MEEHAN: MID-VIEW, INC., Appellant, v. MEEHAN, Executrix, Respondent.*

*February 28—April 12, 1966.*

* Motion for rehearing denied, with costs, on June 7, 1966.

For the appellant there was a brief by *Orr, Isaksen, Werner, Lathrop & Heaney* of Madison, and oral argument by *Trayton L. Lathrop*.

For the respondent there was a brief and oral argument by *William E. Sieker* of Madison.

WILKIE, J. Assuming that the encroachment of the two walls and sign on the public right-of-way constitutes an incumbrance warranted against by the deed under which appellant Mid-View, Inc., purchased the property, the first and conclusive issue raised on this appeal is whether appellant has been damaged in any way by the encroachment. The trial court concluded that no damages had been proven. We agree.

A purchaser such as appellant can maintain an action for a breach of covenant against incumbrances, but only nominal damages can be recovered in the absence of an actual injury.[1] The reason for this rule is that a covenant against incumbrances is considered to be a covenant of indemnity, and the purchaser cannot recover for an incumbrance until such time as he is hurt by its exis-

[1] *Johnson v. Blumer* (1924), 183 Wis. 369, 379, 197 N. W. 340, 198 N. W. 277; *Gadow v. Hunholz* (1915), 160 Wis. 293, 296, 151 N. W. 810; *Estate of Hanlin* (1907), 133 Wis. 140, 147, 113 N. W. 411.

tence.[2] If an injury results, the measure of the damages is the difference between the market value of the property with the incumbrance and the value sans the incumbrance.[3] Appellant had no out-of-pocket expenses, was not forced to remove the structures, and failed to show that the 1964 sale price was in any way affected by the walls and sign, or that it suffered any other tangible injury.

Appellant emphasizes the testimony of its real-estate expert to the effect that the encroachments diminished the value of the property on July 1, 1960, by $5,200. Actually, this figure represented his opinion of the cost of moving the walls and the sign off the right-of-way. Not only was this testimony flatly countered by three experts for respondent who felt that the market value was in no way decreased, but even assuming that the estimation is accurate, appellant did not suffer because it did not actually have to make any relocation.

We are satisfied that the trial court's finding (stated as a conclusion of law) of no damages is not against the great weight and clear preponderance of the evidence, and, for this reason alone, the judgment below should be affirmed.

We have assumed that the encroachments constitute an incumbrance. But do they?

Although this appears to be a question of first impression in Wisconsin, the rule elsewhere is that an encroachment amounts to an incumbrance if it is substantial.[4] This rule is applicable to walls as well as buildings,[5] and the property encroached upon can be public as well as private.[6]

---

[2] *Johnson v. Blumer, supra,* footnote 1, at page 379.

[3] *Gadow v. Hunholz, supra,* footnote 1, at page 298.

[4] Generally see: Anno. 47 A. L. R. (2d) 331; 3 American Law of Property, p. 130, sec. 11.49; 2 Patton, Titles (2d ed.), p. 615, sec. 676.

[5] *Bier v. Walbaum* (1926), 102 N. J. L. 368, 131 Atl. 888;

An encroachment occurs not only when a structure on adjoining property encroaches substantially on your property without the benefit of an appurtenant easement, but conversely, when a structure on your property encroaches upon the adjoining property without the benefit of such an easement.[7] A warranty against incumbrances extends to both types of encroachment.

In determining whether or not a substantial encroachment exists, the following factors are considered:

". . . the character or extent of the encroachment, the cost or possibility of its removal, the length of time the encroachment has continued, municipal acquiescence, or the like."[8]

Although the trial court did enter a conclusion of law that the encroachment was not "an incumbrance which would constitute a title defect" within the meaning of the deed, it did not make any specific finding on whether or not the encroachment was substantial. In the absence of such a finding we draw no conclusion as to whether the encroachment was substantial.

The trial court, relying on *Taxman v. McMahan*,[9] based its decision principally on the proposition that appellant is precluded from bringing suit because it knew the walls and sign existed. *Taxman* involved the purchase of certain property which was subject to three

*Dukas v. Tolmach* (1956), 2 App. Div. (2d) 57, 153 N. Y. Supp. (2d) 392.

[6] *Carrick v. Gorman* (1960), 232 Ark. 729, 340 S. W. (2d) 377; *Vassar Holding Co. v. Wuensch* (1926), 100 N. J. Eq. 147, 135 Atl. 88; *Sinclair v. Weber* (1954), 204 Md. 324, 104 Atl. (2d) 561; *Brockton Associates, Inc., v. Weinbaum* (1960), 23 Misc. (2d) 109, 198 N. Y. Supp. (2d) 675.

[7] 2 Patton, Titles (2d ed.), p. 616, sec. 676; 3 American Law of Property, p. 140, sec. 11.49.

[8] Anno. 47 A. L. R. (2d) 331, 335, sec. 2.

[9] (1963), 21 Wis. (2d) 215, 124 N. W. (2d) 68.

"right-of-way" type of easements and on which was located a party wall. The sellers were required to transfer title free of incumbrances and the buyer sought to avoid the sale because of the easements. This court held that an easement, which is known to the purchaser, is not an incumbrance. The instant case differs significantly from the situation in *Taxman*. Here, while appellant knew of the walls and the sign, it did not realize that they encroached upon the public property. In other words, if there is an alley, a party wall, or a similar physical condition on the property, the purchaser is bound to realize that an easement exists. But the mere knowledge of a structure does not, of itself, impart cognizance of an encroachment.

Respondent also takes the position that since the only rights impaired by the encroachment are the rights of the public in the highway, and such rights were excepted from the warranty against incumbrances, there has been no breach of the warranty. We do not decide this question since the matter is adequately disposed of on other grounds.

*By the Court.*—Judgment affirmed.

* Motion for rehearing denied, without costs, on June 7, 1966.